## Wall v. Van Meter.

October 14, 1949.

Leslie W. Morris and Marion Rider for appellant.

Funk, Chancellor & Darnell for appellee.

CHIEF JUSTICE SIMS—Reversing.

Appellant, C. Cyrus Wall, instituted this action to recover $5000 damages for personal injuries due to a broken leg and $115 for medical expenses incurred as the result of being struck by a taxicab of appellee on Sept. 16, 1946, at the intersection of Main and Ann Streets in Frankfort. The jury returned a verdict for appellant in the sum of $98, the exact amount the testimony shows he expended for medical treatment. The grounds urged for a reversal of the judgment are not only inadequacy in damages, Civil Code of Practice sec. 340 (4), but also the failure of the jury to award any damages for pain and suffering.

The uncontradicted testimony shows appellant was knocked down by a taxi of appellee at the time and place above indicated. He was immediately taken to the hospital where he was examined by Dr. Minish, who pronounced there was no fracture of appellant's leg and directed that he be taken to his home in a cab. Appellant remained in his home four days. It appears that Dr. Minish left town and the patient called in Dr. T. P. Leonard. An x-ray made by Dr. Leonard on Sept. 20th, four days after the injury, revealed a fracture of the tibia

(the big bone below the knee) which extended into the knee joint. Dr. Leonard testified this injury was of recent origin and would disable the patient from six weeks to two months. He again x-rayed Mr. Wall's leg ten days or two weeks before the trial on Jan. 21, 1948, and found the fracture healed, unless there was an injury to the cartilage which an x-ray does not show unless the cartilage is calcified.

Dr. B. B. Baughman was called in to reduce the fracture. He put the leg in a plaster cast from the toes to the groin, which he kept on the patient for four weeks. Dr. Baughman agreed with Dr. Leonard that the x-ray taken shortly before the trial showed the fracture had healed. It was his opinion the patient would suffer no permanent injury, unless the cartilage in the kneecap had been torn loose, which condition would not show in the x-ray but would be evidenced by the knee "locking." Dr. Baughman testified this injury could be permanent. He thought the cartilage could be removed by an operation but even then there might be some residual disability.

Mr. Wall testified that he suffered great pain with his knee, was confined in the hospital five days and was off from work two weeks and two days. That when he resumed work he was compelled to give up a job which required him to be on his feet and do some walking and to take a desk job which carried a reduction in salary of $40 per month. He further testified that his knee still pains him and at times gives way without warning while he is walking.

Neither side complains of the instructions which included the duty of the driver of appellee's cab, a definition of ordinary care and which told the jury to find for Mr. Wall in the event it believed he was knocked down and injured as the result of the driver's negligence, unless it believed Wall was guilty of contributory negligence, in which event the jury would find for appellee. The instruction on the measure of damages told the jury if it found for Mr. Wall, they would award him such a sum in damages as it believed from the evidence would fairly and reasonably compensate him for physical and mental suffering endured by him as the direct and proximate result of his injury, and such a sum as they

believed would compensate for the reasonable expenses he incurred for doctors and hospital bills, not to exceed $98; the total award not to exceed $5098.

The verdict reads: "We, the following jurors, find for the plaintiff in the sum of $98." It was signed by nine jurors. It is evident from the verdict that the jury found appellee was negligent and that appellant was not guilty of contributory negligence, and was entitled to recover the damages he sustained in the accident. Such being the case, it was incumbent upon the jury to compensate him for all damages he suffered, that is, for his pain and suffering as well as for his medical expenses. With reason the jury could not have awarded him a recovery for his medical expenses and then denied him recovery for the very injuries which necessitated such medical expenses. Once the jury found appellant was injured as the direct and proximate result of appellee's negligence, it was the duty of the jury not to ignore the law and the facts but to compensate appellant for his pain and suffering as well as his medical expenses. We are constrained to regard this verdict as severable and as having awarded nothing for appellant's pain and suffering which was proven by uncontradicted testimony. Ashland Coca-Cola Bottling Co. v. Brady, 252 Ky. 183, 66 S. W. 2d 57; Schriewer v. Schworer, 296 Ky. 749, 178 S. W. 2d 598.

Appellee insists it was incumbent upon appellant to move the court to have the jury correct the verdict and by failing to make such motion, what he calls "the irregularity" in the verdict was waived, citing Adams v. Commonwealth ex rel. State Highway Commission, 285 Ky. 38, 146 S. W. 2d 7 and Lawson v. Sitgraves, 299 Ky. 545, 186 S. W. 2d 182. These authorities have no application here. The Adams opinion holds that where the court instructed the jury to separate its findings relative to several items of damage, but instead of so doing a lump sum verdict was returned, the irregularity in the verdict was waived where no motion was made to correct the verdict before the jury was dismissed. In the instant case we have no irregularity in the verdict but an ignoring of the fundamental law given the jury by the court in its instructions. The Lawson opinion is to the effect that where a personal injury is suffered and the jury finds in favor of plaintiff it may not award him the

amount of only medical expenses incurred without making an award to compensate for the pain and suffering endured. Really, the Lawson opinion sustains the contention of appellant rather than that of appellee.

It is the duty of the jury to be governed by the instructions whether they are right or wrong—they are bound to accept and apply the law as given by the court —and a verdict contrary to the instructions is contrary to the law. Stanley's Instructions to Juries, sec. 35, p. 51; Louisville Water Co. v. Bowers, 251 Ky. 71, 64 S. W. 2d 444. In the instant case the court properly instructed the jury that if they found for Mr. Wall to award him such a sum in damages as would fairly and reasonably compensate him for physical and mental suffering and for medical expenses incurred. The jury ignored the instruction in that it awarded him only the exact amount of his medical bills. This it could not do under the court's instructions and it should have made a reasonable award for his pain and suffering. Lawson v. Sitgraves, 299 Ky. 545, 186 S. W. 2d 182.

The judgment is reversed for proceedings consistent with this opinion.