Peggy VITTITOW (now Tate), Appellant,

v.

Ruby Ray CARPENTER et al., Appellees.

Shelby MEFFORD, Appellant,

v.

Ruby Ray CARPENTER et al., Appellees.

Court of Appeals of Kentucky.

June 1, 1956.

Clark, Manby & Williamson, Thos. F. Manby, LaGrange, for appellants.

J. Walter Clements, Louisville, James A. Hall, LaGrange, for appellees.

CULLEN, Commissioner.

Peggy Vittitow and Shelby Mefford, teen-age girls, were passengers in an automobile owned by Preston Carpenter and being driven by his minor son, Ruby Ray Carpenter. The automobile failed to negotiate a turn at an intersection and left the highway, causing relatively minor personal injuries to the two girls. Peggy suffered a broken nose and a sprained ankle,

and was hospitalized for seven days. Shelby suffered a long cut across her face, requiring 34 stitches to close, and a cut on her knee, and was hospitalized for nine days.

In the girls' consolidated actions for damages against Ruby Ray Carpenter and his father, the following verdict was returned:

"The Jury finds the defendant, Ruby Ray Carpenter, solely guilty and award the plaintiff, Shelby Mefford, the expenses for physician and medical services of $139.35 and the plaintiff, Peggy Vittitow, for expenses for physician and medical services of $116.45."

Judgments were entered upon the verdict.

The girls have appealed, contending that the verdict and judgments are erroneous because, having found the defendants liable for hospital and medical expenses, the jury was required under the evidence to award something for pain and suffering. This contention is fully supported by a long line of our cases, including Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272, and Biggs v. Toone, Ky., 244 S.W.2d 443. Under these cases the verdict and judgments clearly are erroneous.

The appellees maintain that it was incumbent upon the plaintiffs, before the discharge of the jury, to move that the jury be sent back for the purpose of correcting the verdict, and not having so moved, the plaintiffs cannot complain of the erroneous verdict on appeal. In Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, we rejected a similar contention, and we continue to reject it.

The appellees argue that, even if the verdict be considered erroneous, the error was not prejudicial, and the court therefore did not err in denying the plaintiffs' motion for a new trial, because: (1) The plaintiffs were contributorily negligent as a matter of law and the cases therefore should not have been submitted to the jury; and (2) the medical and hospital

expenses for which the jury awarded recovery actually had been paid to the plaintiffs by the defendants' insurance carrier, under a "medical expense" provision of the policy, and if the court had not erroneously permitted the plaintiffs to testify as to these expenses the jury would not have found the defendants liable for any sum.

The appellees have not cross-appealed, and do not ask that the judgments be reversed; they seek to have the judgments affirmed on the ground that the error of which the appellants complain was not prejudicial.

 Ordinarily, errors have been held to be harmless or nonprejudicial where they were not responsible for the appealing party having lost what he contends on appeal he should have attained. A typical case is one where the jury finds for the defendant; the plaintiff appeals, claiming errors upon the trial; and the appellate court concludes that the errors were nonprejudicial because the defendant actually was entitled to a directed verdict. In such a case, the errors are not responsible for the plaintiff failing to obtain the particular relief he seeks on appeal, namely, a recovery in some amount.

In the case now before us, the plaintiffs' complaint, on appeal, is that they did not receive *as much money* as they were entitled to. The error of which they complain was directly responsible for their not receiving a larger verdict. The error therefore must be considered prejudicial as affecting the particular relief they seek on the appeal

The appellees would have us say that because of *other* errors committed by the trial court, the plaintiffs should not have recovered at all. If we were to accept their argument, we would be put in the position of affirming a judgment admittedly erroneous, merely because the appellees were satisfied with the judgment. We are not aware of any case in which this Court has affirmed an admittedly *erroneous* judgment (excluding de minimis non curat lex) under the harmless error rule. In those cases where harmless error has been disregarded, the basis for the affirmance always has been that the *judgment* was correct despite the error.

If the appellees wished to assert the proposition that no judgment at all should have been entered against them, they should have cross-appealed. Their satisfaction with the obvious compromise verdict furnishes no justification for our affirmance of the judgments based on that verdict.

The judgments are reversed, with directions to grant a new trial.