**Thomas F. BRODERICK, Sr., Plaintiff, Appellant,**

v.

**Thomas G. HARVEY et al., Defendants, Appellees.**

No. 5271.

United States Court of Appeals
First Circuit.

Feb. 17, 1958.

John J. St. Andre, Framingham, Mass., with whom Sullivan & St. Andre, Fram-ingham, Mass., was on brief for appellant.

Thomas H. Mahony, Boston, Mass., with whom Edward F. Mahony and George T. Padula, Boston, Mass., were on brief, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal by the plaintiff, Thomas F. Broderick, Sr., from a judgment of the United States District Court for the District of Massachusetts dismissing the plaintiff's action following a jury verdict for the defendants, Thomas G. Harvey and Cross Transportation, Inc. The plaintiff also appealed from the denial of his motion for a new trial.

The plaintiff's action arose out of physical injuries and property damage incurred in a collision between his automobile and a truck driven by the defendant, Harvey, who was an employee of the defendant, Cross Transportation, Inc. The testimony as to how the accident occurred was conflicting but according to the defendant, Harvey, he was proceeding easterly on Boylston Street in Brookline, Massachusetts, in the middle lane of the three lane portion of the divided highway reserved for traffic traveling in an easterly direction toward Boston. Harvey stopped his truck in this middle lane about ten feet to the rear of plaintiff's sedan which was stopped for the traffic light at the intersection of Cypress Street and Boylston Street. Harvey testified that about three-quarters of the plaintiff's automobile was in the left or third lane and one-quarter in the middle lane. This third lane was apparently intended as a "storage lane" for automobiles turning left from Boylston Street onto Cypress Street. Boylston Street normally has only two lanes running in an easterly direction but west of Cypress Street the curbed reservation dividing the south half of Boylston Street from the north half is indented so as to allow for a third lane in the southerly half of Boylston Street. A sign located on the

reservation immediately prior to the beginning of this third lane reads "Left Lane for Left Turn only". Harvey testified in his deposition that the traffic light turned green and as the plaintiff's car didn't move, he turned his truck towards the right to pass the plaintiff's automobile. He also testified that just as he started to pass the plaintiff's car on the right, the plaintiff pulled out to the right and the accident occurred, the left end of the front bumper of the defendant's truck striking the right rear fender of the plaintiff's sedan. At the time of impact at least three-quarters of the plaintiff's automobile was in the middle lane.

The plaintiff, in direct contradiction of the defendant, testified that his automobile was not moving when struck by the defendant's truck.

This appeal challenges the correctness of that portion of the district judge's charge to the jury instructing on the law to be followed in determining whether the plaintiff was contributorily negligent. That portion of the charge is as follows:

" * * * As I understood the argument addressed to you, it is suggested that Dr. Broderick's fault, in the view of the defendants, was that he was in the wrong lane or that he was in the wrong lane and straddling two lanes or that he started up without putting out his hand or otherwise indicating that he was going to move his car. If you do believe any of those facts or assertions to be the truth, you may then find that the plaintiff was contributorily negligent and, if you do so find, you are to deny the plaintiff any recovery whatsoever."

Before dealing with this appeal on the merits, it is necessary for us to determine whether this charge was properly objected to in the court below so as to be entitled to review. Immediately after the charge was given, the district judge asked counsel if anything had been omitted from the charge and the following colloquy between plaintiff's attorney and the judge took place at the bench:

"Mr. St. Andre: I believe at the point where you were talking about the contributory negligence of the plaintiff, I think you stated that it was the defendant's contention he started his car without holding out his hand.

"The Court: Without giving any signal.

"Mr. St. Andre: Don't you mean cutting in, your Honor?

"The Court: The defendant's contention.

"Mr. St. Andre: But the defendant contends he cut in front of him.

"The Court: That is the same thing. I am not going to change that."

■ Defendants contend that this objection by plaintiff's attorney did not meet the requirements of Rule 51 of Fed. R.Civ.P. 28 U.S.C.A.[1] However, it appears to us that this objection by plaintiff's attorney sufficiently apprised the trial judge of the plaintiff's contention that the charge would confuse and perhaps mislead the jury into finding contributory negligence even if the plaintiff was in the proper lane and moved his vehicle directly forward in his lane if he did so without giving a signal.

■ It is the object of Rule 51 to require counsel to state their objection so that the judge may see the error in his charge and correct it before the jury retires. See United States v. General Mo-

[1.] "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

tors Corporation, 3 Cir., 1955, 226 F.2d 745, 750, Marshall v. Nugent, 1 Cir., 1955, 222 F.2d 604, 615. Here the trial court was informed that the proper instruction should have been that contributory negligence could be found if the plaintiff cut in front of the defendant without signaling, yet he in effect considered this objection and dismissed it by indicating that his charge had so instructed. We hold that plaintiff has complied with Rule 51 and this appeal presents a reviewable question of law.

Turning to the merits of the appeal, plaintiff contends that this erroneous instruction resulted in prejudicial error. Defendants reply that this portion of the charge when considered in context with the rest of the judge's charge and defendants counsel's argument to the jury, was not erroneous and could not have been misconstrued by the jury.

 Before dealing with the plaintiff's attack on this charge as allowing the jury to find contributory negligence from facts which as a matter of law cannot constitute contributory negligence, we shall first consider his subsidiary argument that the charge failed to instruct the jury that plaintiff's negligence must contribute to the accident in order to bar his recovery. Such a causal relationship is required by Massachusetts law. Black v. New York, N. H. & H. R. Co., 1907, 193 Mass. 448, 79 N.E. 797, 7 L.R.A.,N.S., 148, but the plaintiff did not make any objection to the charge on this ground before the jury retired. We are convinced that there was no fundamental error in this regard especially in view of the judge's statement immediately prior to the above quoted section of the charge that "Even if you do believe that the accident occurred in either one of the two ways which the plaintiff asserts, you cannot find for the plaintiff if the defendants have persuaded you that the accident was caused in whole or in part by Dr. Broderick's fault." Cf. Mondshine v. Short, 5 Cir., 1952, 196 F.2d 606, where the jury was instructed it could find the defendant liable if it found ordinary negligence despite the plaintiff

being a voluntary guest in the defendant's automobile.

 In considering the main issue raised in this appeal it is necessary to determine whether or not the jury could have been misled to the prejudice of the plaintiff by the judge's statement that they could find the plaintiff contributorily negligent if they believed the plaintiff had "started up without putting out his hand or otherwise indicating that he was going to move his car." It is clear that the judge was correct when he instructed the jury that if it found that the plaintiff was in the wrong lane, wholly or partially, they could find him contributorily negligent because (1) from the evidence the jury must have necessarily known that the wrong lane referred to that portion of the highway controlled by the sign reading "Left Lane for Left Turn only"; (2) from the other parts of the judge's charge the jury had been instructed that even though the plaintiff's presence in the wrong lane was evidence of lack of due care, the jury must find this lack of due care contributed to the accident. However, the judge's statement that if the plaintiff started his car without signalling, the jury could find this to be contributory negligence is clearly an erroneous misstatement of the law. It is to be noted that the evidence was conflicting as to the exact location of the plaintiff's automobile at the time of the accident. It may well be that the jury found that the plaintiff's automobile was not in the "wrong" lane but that he did start forward without giving a signal. Despite the fact that a reasonably prudent person does not give a signal when moving his car forward in a straight line, the jury could have found that such conduct on the part of the plaintiff was contributory negligence, due to the judge's erroneous instruction on this point. Cf. Buda v. Foley, 1939, 302 Mass. 411, 19 N.E.2d 537.

 The plaintiff's objection specifically pointed out to the trial judge that it was the defendants' contention based on Harvey's testimony that the plaintiff cut in front of the truck without giving

278

a signal. The trial judge was clearly wrong when in refusing to change his instruction he, in effect, based this refusal on the ground that moving without giving a signal was the same as cutting in without giving a signal. Of course it could be argued that this instruction although erroneous could not possibly prejudice the plaintiff because if he were in a proper lane and did move forward without cutting in, the jury, which it is assumed is composed of intelligent persons, could not find that he was negligent through not giving a signal because there is no signal which could possibly be given to indicate that he was moving forward in a straight line. Therefore, it could be argued the jury must have found that the plaintiff was either in the wrong lane and/or that he cut in without signalling.

Thus it could be contended that this instruction could not possibly have misled the jury to the prejudice of the plaintiff, because the jury would, by the application of logic, discover the instruction to be inherently erroneous and would therefore disregard it. However, as the district judge pointed out in his charge, the jury is required to follow his instructions with respect to the law, see Glendenning Motorways v. Anderson, 8 Cir., 1954, 213 F.2d 432, 435; Wall v. Van Meter, 1949, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272; Stetson v. Stindt, 3 Cir., 1922, 279 F. 209, 23 A.L.R. 302, and we cannot assume that the jury disregarded this requirement. The jury rendered a general verdict for the defendants but we do not know the basis of that verdict. While it may have found that the defendants were not negligent or that the plaintiff was contributorily negligent because of his presence in the wrong lane, it might well be possible that it accepted one interpretation of the factual situation urged by plaintiff's counsel. This was that the plaintiff was in a proper lane and was moving straight ahead when struck by the defendants' truck. The jury, however, if it did find these facts could then find contributory negligence because of the judge's erroneous instruction, despite the fact that as a

matter of law contributory negligence could not be inferred from such evidence. Because of this possibility of prejudice to the plaintiff, he is entitled to have the verdict set aside and to have the new trial. See Roth v. Swanson, 8 Cir., 1944, 145 F.2d 262, 269.

A judgment will be entered vacating the judgment of the district court, and remanding the case to that court for a new trial.