Elzie MEREDITH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 7, 1958.

Rehearing Denied May 16, 1958.

Rodes K. Myers, George B. Boston, Bowling Green, for appellant.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Elzie Meredith went to trial before a jury on June 30, 1955, in the Edmonson Circuit Court on a charge of rape. On the same day he was found guilty and a judgment was entered sentencing him to life in the penitentiary "without the benefit of parole." The term of court ended on July 2, 1955, without his having filed his motion and grounds for a new trial. He did however file his motion and grounds for new trial on July 6, 1955, four days after the end of the term. The trial court overruled the motion and grounds for new trial on July 7, 1955, and granted the defendant an appeal together with an extension of time in which to file his Bill of Exceptions. At this point the defendant employed his present counsel who filed another pleading insisting that the motion and grounds be ordered filed nunc pro tunc prior to the date of the term's end. In this motion defendant's trial attorney was charged with various types of incompetence and neglect in trial of the case and in failing to preserve his rights for an appeal to the Court of Appeals. The trial court directed that this be considered a supplemental motion and grounds for new trial and overruled the same. The testimony not having been reported the defendant submitted a bystanders' bill which was approved and ordered filed by the court over the Commonwealth's objection.

■ The motion and grounds for new trial came too late under Section 273 of the Criminal Code of Practice, and the trial court was without authority after term to extend time for filing Bill of Exceptions. Therefore, the Bill of Exceptions also came too late. Criminal Code of Practice, § 282 and Civil Code of Practice, §§ 334 and 337. This Court consequently held that only one question presented itself on appeal. Did the indictment support the judgment of conviction? We held that it did. Meredith v. Com., Ky., 296 S.W.2d 705.

■ The present action was filed by motion in the trial court under the provisions of CR 60.02 to vacate the judgment of conviction in the former action. Under this section, in this type of action, "relief may be granted only upon recognized and limited coram nobis principles". Harris v. Com., Ky., 296 S.W.2d 700, 702; Green v. Commonwealth, Ky., 309 S.W.2d 178. The trial court heard the case and denied the relief. Thus we have this appeal in which the grounds presented and denied below are substantially presented here for review.

First, it is claimed that new evidence has been discovered which by due diligence could not have been discovered in time to move for a new trial as provided by the Criminal Code of Practice. This ground is not available to the defendant under CR 60.02 because this proceeding was not begun until March 11, 1957, one year and eight months after the date the judgment of conviction was entered. We have CR 60.02 saying as follows:

"The motion shall be made within a reasonable time, and for reasons (1), (2) (newly discovered evidence), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

The remedy provided by CR 60.02(1, 2 and 3), must be sought within the year even though an appeal is being prosecuted. The remedy is available even though the appeal is duly perfected and pending decision in this Court. It would continue to be available if this Court, by rare chance, should have its mandate of affirmance in hands of the trial court before the expiration of the year. Wolfe v. Combs' Adm'r, Ky., 273 S.W.2d 33. In other words the remedy is in no way affected by the appeal and the appeal is in no way affected by the remedy.

Though the provisions of Subsection (6) of CR 60.02 may be the only ground for relief stated, yet, if the grounds mentioned in Subsections 1, 2 and 3 are urged in connection therewith, the one year provision applies to that portion of the motion which incorporates the grounds set out in Subsections 1, 2 and 3.

As a second complaint the appellant insists that he should be granted relief because the jury, without the court's instruction, added the words "without parole" to the verdict upon which a judgment was entered sentencing him to life in the penitentiary "without the benefit of parole." It is insisted that appellant should be relieved of the entire judgment because of the words "without benefit of parole." The court under KRS 435.090 could have given, and perhaps should have given, an instruction using the words "without privilege of parole." Without such instruction, however, the jury had no authority to impose those words upon its verdict. The jury must follow the court's instruction although erroneous. Franklin County v. Bailey, 250 Ky. 528, 63 S.W.2d 622; Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272. The trial court erred in entering the judgment with this provision. The trial court recognized its error and rectified it in this action by a judgment specifically striking the words, "without benefit of parole". The error did not invalidate the entire judgment as insisted by appellant. Execution of the remainder of the judgment not being dependent upon the execution of its erroneous provision, the court is authorized under CR 60.02 to give relief from the erroneous provision alone. The court acted properly in granting relief from that part of the judgment.

The third and final complaint is predicated upon the inexperience and incompetency of counsel. In this state we follow the rule that inexperience, incompetency, and inefficiency are not grounds for granting coram nobis. Spears v. Commonwealth, Ky., 253 S.W.2d 570.

This record discloses no error and the judgment of the trial court is therefore affirmed.