See also 339 S.W.2d 635.

**N. L. ADKINS et al., Appellants,**

v.

**John R. REDWINE, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1960.

Sanders & Redwine, Fred B. Redwine, Pikeville, W. Major Gardner, West Liberty, for appellants.

H. R. Wilhoit, Grayson, William R. Redwine, Sandy Hook, for appellee.

WILLIAMS, Judge.

This appeal grows out of a collision between an automobile driven by N. L. Adkins, in which his wife Prudie was a passenger, and an automobile driven by John R. Redwine. In the Elliott Circuit Court N. L. and Prudie Adkins jointly sued Redwine for injuries which arose out of the accident and Redwine in turn counterclaimed. The plaintiffs charged the defendant with negligence and the defendant by counterclaim charged the plaintiff N. L. Adkins with negligence and Prudie Adkins with contributory negligence. Each of the parties moved for a directed verdict, which motions the court overruled, and the cause was submitted to the jury which returned the following verdict: "We, the jury, find both parties to be equally at fault." The court thereupon dismissed plaintiffs' complaint and defendant's counterclaim.

N. L. Adkins and Prudie Adkins have appealed that judgment, and John R. Redwine has filed a cross-appeal against N. L. Adkins.

Before the accident, the Adkins automobile was parked off the left side of the highway facing west on a graveled parking area. The highway at that point is straight and unobstructed in an easterly direction for a distance of about 1,600 feet, at which point there is a curve.

The appellants' version of the accident is as follows: Upon entering his automobile, N. L. Adkins looked up and down the highway and observed no traffic. He then drove slowly onto the highway across the left lane at a 45 degree angle and when he reached the right lane straightened up and proceeded two or three car lengths in a westerly direction when his automobile was struck in the rear by the automobile driven by appellee. As the Adkins automobile was entering the highway, Prudie Adkins informed her husband that a car was coming around the curve from the east. She then directed her attention to the west and did not look back toward the east again. N. L. Adkins did not look again to the east and did not see the automobile, nor did he ever hear a horn or any other warning signal. Allie Duval, a son-in-law of appellant, was in his automobile which was parked immediately behind the Adkins automobile before the latter drove onto the highway. Duval stated that he looked into his rear-view mirror and observed the appellee approaching at a speed of 70 to 75 miles per hour at a time when appellee was 700 to 800 feet away from appellants.

The testimony for appellee showed that he was driving west on the highway. After coming around the above-mentioned curve he proceeded several hundred feet when he saw the Adkins automobile moving along slowly in a westerly direction almost parallel with the highway. At this point he sounded his horn and reduced his speed, and the Adkins automobile stopped at the

edge of the highway, whereupon he resumed his speed. When he reached a point about 80 feet away the Adkins automobile suddenly moved across the highway and directly into his path.

The collision which ensued resulted in personal injuries to the parties as well as property damage to the automobiles.

In her appeal Prudie Adkins maintains she was entitled to a directed verdict, and also that the verdict is ambiguous and void as to her. N. L. Adkins asserts the verdict is not supported by the evidence and that his motion for a new trial should have been sustained. John R. Redwine insists that both appellants were guilty of negligence as a matter of law, and that he was free from negligence.

 As to each of the drivers we can find no fault with the conclusion reached by the jury. It is obvious the jury determined that N. L. Adkins should have seen appellee's automobile and failure so to do constituted negligence on his part. Vaughn v. Jones, Ky., 257 S.W.2d 583; Couch v. Hensley, Ky., 305 S.W.2d 765. In like manner it is apparent the jury believed the appellee did not exercise reasonable care to avoid the accident. Thomas v. Dahl, 293 Ky. 808, 170 S.W.2d 337. The court correctly overruled the motion for a directed verdict made by each driver and properly instructed as to the duties of each.

The claim of Prudie Adkins presents a different problem. Whether the verdict was so ambiguous as to be void against her need not be considered under the circumstances prevailing here. There was no instruction given by the court defining her duties; consequently, the verdict could not have gone against her. We said in Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 736, 20 A.L.R.2d 272, "It is the duty of the jury to be governed by the instructions whether they are right or wrong—they are bound to accept and apply the law as given by the court."

The appellee offered an instruction on contributory negligence on the part of Prudie, which was refused by the court. Ordinarily, a passenger is not responsible for the driver's negligence; however, an exception is made when the passenger assumes the responsibility of keeping a lookout and erroneously advises the driver that the way is clear. Donnell v. Pruitt, Ky., 265 S.W.2d 784. Under the circumstances prevailing here the jury should have been instructed to find whether or not Prudie was guilty of contributory negligence. Not having received an instruction setting out her duties, the jury was powerless to make any finding regarding her liability. The verdict did not include her, and the judgment erroneously dismissed her complaint.

On the appeal the judgment is affirmed as to appellant N. L. Adkins and is reversed as to appellant Prudie Adkins, with directions that she be granted a new trial. On the cross-appeal the judgment is affirmed.