Evelyn F. EWING, Appellant,

v.

Dale MOODY, Appellee.

Court of Appeals of Kentucky.

Dec. 1, 1967.

Stanley A. Stratford, Campbell & Stratford, Louisville, for appellant.

John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appellee.

JOHN J. WINN, Special Commissioner.

Appellant Evelyn F. Ewing and appellee Dale Moody collided in their automobiles on November 5, 1963 at the intersection of Emerson Avenue and Bardstown Road in Louisville, Kentucky. As a result Mrs. Ewing suffered a sprained ankle and an injury to her rib cage on the right side, for which she was treated by Dr. James W. Bryan. She used crutches for a while and later a cane, and she returned to work while still using them. During this initial period she lost eight days of employment for which her pay would have been $149.76. Upon the advice of her physician she discontinued the use of crutches or cane and instead wore orthopedic shoes prescribed by him. On December 1, 1963, upon her return from a drive with her husband, she fell off the

porch at her apartment and fractured her hip, which required her to be hospitalized and to expend substantial sums for medical care and domestic help and she lost much time from her employment and was caused to endure pain and suffering and she alleged her power to earn money was permanently impaired.

At the conclusion of all the evidence the jury was instructed to find for the plaintiff such sum in damages as would reasonably compensate her for her injuries suffered as a direct and proximate result of the collision. Since there is no cross-appeal there is no reason for us to consider or review the evidence in regard to the accident itself or the correctness of this peremptory instruction.

Over the objections of the defendant, the plaintiff was permitted to and did prove all of her damage, hospital and medical expenses, loss of wages, pain and suffering, employment of domestic help, diminution of her power to earn money, resulting from her subsequent fall as well as those resulting solely from the collision itself. The jury returned a verdict for the plaintiff in the amount of $1,150.00.

▇ She complains of the verdict and urges that the judgment pursuant thereto should be reversed, first because the recovery is so wholly inadequate as to indicate at first blush that it was arrived at as a result of passion and prejudice, and second that it resulted from erroneous instructions. Obviously the jury excluded from its assessment of damages all those which it believed derived from the fall from the porch and the broken hip, and if the instruction by which they were authorized so to do was correct, then the recovery was not so inadequate as to require reversal. While it is argued now that much of the service by Dr. Bryan and other expenses subsequent to the fall were for the treatment only of the sprained ankle, the amounts suggested in her motion and grounds for a new trial as special damages attributable solely to her ankle injury total

$650.00, leaving an excess of recovery of $500.00 which, although by no means generous, is substantial enough to remove it from the application of the rule requiring some award beyond the special damages enunciated in the Lawson case referred to in Wall v. Van Meter, 311 Ky. 198, 223 S.W. 2d 734, 20 A.L.R.2d 272.

Certainly the recovery was patently inadequate to compensate the appellant for her broken hip. This is the crux of this appeal as it was the dominant theme of contention throughout the trial in circuit court.

The court instructed the jury to find for the plaintiff compensation for all of her damages suffered as a direct and proximate result of the collision not to exceed $21,489.50, but by Instruction No. 2 provided as follows:

"(2) In your award to the plaintiff, Mrs. Ewing, you will not allow her any sum by way of damages for any suffering, mental or physical, or permanent impairment of her power to labor and earn money or for medical expenses, lost time or additional household help sustained by Mrs. Ewing as a direct and proximate result of the fall at her home on December 1, 1963 unless you believe from the evidence that such fall was the direct and proximate result of the injuries sustained by the plaintiff in the collision of November 5, 1963."

Appellant insists that the only testimony as to the circumstances of the fall establishes her theory of the case that she fell because her ankle gave way, that it gave way because of its weakened condition which was a direct and proximate result of the collision, and therefore her injury suffered in the fall was a direct and proximate result of the collision and she was entitled to a directed verdict covering all of her injuries. And failing that, she offered an instruction, the converse of the one given, stating that she should be compensated for her injuries received in the fall if it was a direct and proximate result of the collision, and another defining proxi-

mate cause and stating further that one who impairs the bodily efficiency of another is liable for harm which would not have been sustained except for such impairment.

Under the offered instruction, just as under the one given, it would be incumbent upon the plaintiff to sustain the burden of establishing that the fall was the proximate result of the collision. Although there was no direct testimony as to any other agency producing the fall, we believe that the variance and lack of certainty in the testimony of the appellant and her husband was sufficient to justify a submission to the jury. The instruction given was modeled after the one approved in the case of Eichstadt v. Underwood, Ky., 337 S.W.2d 684.

In our opinion, a jury question existed which was submitted under proper instructions.

The judgment is affirmed.

WILLIAMS, C. J., and MONTGOMERY, HILL, MILLIKEN, PALMORE and STEINFELD, JJ., concur.