**Ida DAVIS et al., Appellants,**

**v.**

**Louis JOHNSON, Appellee.**

Court of Appeals of Kentucky.

Jan. 24, 1969.

Marvin Cornett, Stanford, for appellants.

Cabell D. Francis, Stanford, for appellee.

C. R. WALDEN, Special Commissioner.

On November 21, 1964, appellants, Ida Davis and Amanda Bilbrey, were passengers in a car owned and being driven by Ray Bilbrey, the husband of Amanda Bilbrey and son-in-law of Ida Davis. While traveling south on U. S. Highway No. 27 in Lincoln County the Bilbrey car was involved in an accident with a car owned and driven by appellee, Louis Johnson.

Appellants filed separate complaints against Johnson, seeking to recover of him damages for the injuries they received in the accident. They did not sue Bilbrey, the driver of the car they were riding in. Johnson answered appellants' complaints and brought Ray Bilbrey into the case by a third-party complaint, pursuant to CR 14.01, and sought to recover of Ray Bilbrey indemnity, or in the alternative, contribution, in the event appellants obtained a judgment against him. The cases were consolidated for the purpose of trial and the trial to a jury resulted in a verdict for Johnson. Pursuant to the verdict, the court entered its judgment dismissing appellants' complaints. In their appeal, appellants' only claim of error is that the court erred in its instructions to the jury. The specific objection is to that part of instruction No. 4,

which authorized the jury to apportion between appellee and third-party defendant, Ray Bilbrey, the judgment or award which appellants recovered in the event the jury found both Ray Bilbrey and Johnson negligent.

Instruction No. 4, as given by the court is as follows:

"In the event you believe that both driver Bilbrey and driver Johnson failed to perform the duties imposed on each of them in Instructions Nos. 1, 2 and 3 and such failure by either party was the proximate cause of the collision between the vehicles or so contributed thereto, but for which said collision would not have occurred, the law is for the plaintiffs and you will so find. *In such event, you may apportion the damages to be assessed as between said Bilbrey and Johnson either on a percentage basis or in figures."* (Emphasis ours)

Appellants argue that this instruction is erroneous and prejudicial as to them because they only sued Johnson, as they had a right to do, and the effect of the instruction is to handicap them with Bilbrey's negligence and to permit a verdict less than what they would be entitled to.

Appellee counters with the argument that even if the instruction is erroneous it does not matter because the jury found Johnson not negligent, thus the instruction could not prejudice appellants and only amounts to harmless error.

We are of the opinion that the instruction appellants complain of is erroneous, but we cannot see that it had any effect on their failure to recover in this case. The question of liability was the main issue in the case and the jury having found appellee not liable, appellants cannot complain of the instruction which authorized the jury to apportion the award as between the joint tort-feasors, one of whom they did not sue. Appellants' contention perhaps would have had merit if the jury had awarded them damages and then under this erroneous instruction apportioned it as between appellee and the third-party defendant, whom they had not sued.

In the case of Vittitow v. Carpenter, Ky., 291 S.W.2d 34, the rule was stated:

"Ordinarily, errors have been held to be harmless or nonprejudicial where they were not responsible for the appealing party having lost what he contends on appeal he should have attained. A typical case is one where the jury finds for the defendant * * *. In such a case, the errors are not responsible for the plaintiff failing to obtain the particular relief he seeks on appeal, namely, a recovery in some amount."

Also see Lexington Country Club v. Stevenson, Ky., 390 S.W.2d 137.

The instruction complained of, though erroneous, could not be prejudicial to appellants' substantial rights, because the jury decided the party whom they had sued owed them nothing.

The judgment is affirmed.

All concur.