John L. BOWLING, Administrator of the Estate of Elizabeth Porter Bowling, Deceased, and Individually,

v.

UNITED STATES of America

v.

Dr. Gerald TEMES, Dr. Calvin E. Jones, Norton-Children's Hospital.

No. 77–0345–L(B).

United States District Court, W. D. Kentucky, Louisville Division.

Dec. 21, 1978.

Harris J. Berman, Louisville, Ky., for plaintiff.

Albert Jones, U. S. Atty., Barry L. Master, Asst. U. S. Atty., Louisville, Ky., for defendant & third-party plaintiff.

Frank P. Doheny, Jr., Louisville, Ky., for third-party defendants.

## MEMORANDUM AND ORDER

BALLANTINE, District Judge.

This matter is before the Court on the motion of the third-party defendants to dismiss the third-party complaint of the United States against them.

This action was brought under the Federal Tort Claims Act, Title 28 U.S.C. Sections 1346, 2671 et seq. It is an action for medical malpractice. It appears from the complaint and from plaintiff's answers to interrogatories that the decedent presented herself at Ireland Army Hospital at Fort Knox on September 28, 1974. She was vomiting large quantities of bright red blood. The decedent, a registered nurse, told the attending physicians of a prior aortic graft. After some tests were performed, decedent was transferred to Norton-Children's Hospital in Louisville, where emergency vascular surgery was performed. Decedent was found to have a condition which ultimately caused necrosis of the colon and death. Decedent died January 1, 1975.

This action was filed against the United States on July 25, 1977. After receiving answers to interrogatories the United States was granted leave to assert a third-party complaint against two attending physicians and Norton-Children's Hospital seeking contribution or indemnity pursuant to F.R.Civ.P. 14(a). Third-party defendants have moved for dismissal asserting that the third-party complaint fails to state a claim against them. F.R.Civ.P. 12(b).

Third-party defendants argue that they are outside the ambit of Rule 14(a) in that they cannot be liable to the United States for all or part of plaintiff's claim against it. At common law this argument would have merit. However, KRS 412.030 abrogates the common law rule. That statute pro-

vides "Contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude." The United States argues that the third-party defendants may be liable to it since it is conceded that the United States, if it is negligent, is responsible for all damages following from its original negligent act. See *City of Covington v. Keal*, 280 Ky. 237, 133 S.W.2d 49 (1939); *Eichstadt v. Underwood*, Ky., 337 S.W.2d 684 (1960); *Ewing v. Moody*, Ky., 421 S.W.2d 577 (1967). United States asserts that its right to contribution is granted it by the statute quoted above and that the subsequent negligence of the third party defendants is or may have been a substantial contributing factor to the death of plaintiff's decedent. In *United States v. Yellow Cab Co.*, 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951), the Court said, "Of course there is no immunity from suit *by* the Government to collect claims for contribution due it from its joint tort-feasors." (Emphasis in original.) The Court is of the opinion that this type action is the type which the Kentucky General Assembly had in mind when it enacted KRS 412.030. Accordingly, the motions of the third party defendants to dismiss will be denied.