**AMERICAN STATES INSURANCE CO., Movant,**

v.

**AUDUBON COUNTRY CLUB, Anthony Martin Koenig, and James L. Davis, Respondents.**

and

**James L. DAVIS, Movant,**

v.

**AUDUBON COUNTRY CLUB, Anthony Martin Koenig, and American States Insurance Co., Respondents.**

Supreme Court of Kentucky.

May 11, 1983.

William A. Blodgett, Jr., Woodward, Hobson & Fulton, Louisville, for movant, American States Ins. Co.

Dennis M. Clare, Larry C. Ethridge, Nold, Mosley, Clare, Hubbard & Rogers, Louisville, for movant, James L. Davis.

Ben T. Cooper, Cooper & Beale, P.S.C., Louisville, for respondent, Audubon Country Club.

F. Larkin Fore, C. Alex Rose, Russell H. Saunders, Handmaker, Weber, Meyer & Rose, Louisville, for respondent, Anthony Martin Koenig.

Robert L. Milby, Hamm, Milby & Ridings, London, for amicus curiae.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals which affirmed an appeal and cross-appeal from the trial court. The Court of Appeals confined the subrogation claim of the insurance company to that portion of the $30,000 recovery pertaining to past medical expenses and loss of earnings without any consideration for future pain and suffering.

The questions presented are whether the Court of Appeals correctly determined that the trial court had authority to direct a verdict on behalf of defendant Koenig, whether the Court of Appeals was correct in upholding a judgment which awarded $10,000 in future medical expenses but made no award for future pain and suffering, whether the trial court committed reversible error by submitting an *Orr v. Coleman* instruction to the jury which provided for apportionment of liability after having informed the jury that one of the codefendants had been dismissed from the case as a matter of law, and whether there is a common law right for indemnity.

Davis was severely injured in a golf cart accident and sued the driver Koenig and Audubon Country Club, owner of the golf course and lessor of the cart in which Davis was riding.

Following the accident, American States Insurance paid $35,531.20 in Workers' Compensation benefits to Davis, for which it then intervened under a theory of statutory subrogation and common law indemnity. The accident occurred when Davis and Koe-

nig were discussing business and the golf cart was driven at a high rate of speed down a steep path with a possible malfunction in the cart.

At trial, the circuit judge entered a directed verdict in favor of the driver Koenig and submitted the case against the country club to the jury. He gave various instructions as to the duties of both the driver and the country club but informed the jury that Koenig had been dismissed from the case as a matter of law. Among the sample verdicts furnished by the trial court was one which found only the country club negligent and the other verdict permitting a finding that both the country club and the driver were negligent, apportioning liability between them as set out in *Orr v. Coleman*, Ky., 455 S.W.2d 59 (1970). The jury assessed all damages against Audubon in the amount of $30,000, which included a $10,000 verdict for future medical expenses without any consideration for future pain and suffering.

The Court of Appeals affirmed the dismissal of Koenig as harmless error and refused to consider the question of future pain and suffering as error. It also determined that although the insurance company may have a common law right for indemnity, that right is governed by the Workers' Compensation statute. This Court granted discretionary review.

The decision of the Court of Appeals is affirmed in part and reversed in part.

■ The trial court's judgment and the Court of Appeals' affirmance in regard to the directed verdict dismissing Koenig from the case is affirmed. If a claimant sues joint tort-feasors, one or more of which are erroneously dismissed from the action but recovers an adequate and collectable judgment against the remaining party, he has suffered no injury. If one is not injured by a judgment, he cannot complain of its irregularity. *See Heath v. Mitcherson*, 24 Ky. (1 J.J. Marsh) 547 (1829). Audubon did not file any cross-claim against Koenig and did not raise any issue of contribution or indemnity on cross-appeal. We find no reason to disturb the decision of the circuit court and

the Court of Appeals in regard to the dismissal of Koenig as a defendant.

The directed verdict was improper, but there was no prejudice involved. The *Orr v. Coleman* instruction, even though it was unnecessary, gave the jury an opportunity to apportion liability against Koenig. The jury thereby apportioned all the negligence against the country club. Therefore, the erroneous directed verdict could not be prejudicial when Koenig was cleared of any negligence by the jury. The instruction may have been slightly confusing, but it did not create any prejudicial error.

■ It was reversible error to permit a judgment which awarded $10,000 in future medical expenses but made no award for future pain and suffering. If future medical expenses are awarded by a jury, there is then a strong indication that a corresponding award for future pain and suffering must be considered. There can be no blanket rule that if a jury grants future medical expenses they must automatically make an award for pain and suffering related thereto. There must be evidence to support either award. In any event the jury should address the question and give some answer.

■ Future pain and suffering, because of an injury, is an element of damages for which the injured party is entitled to recover when there is evidence establishing that it is reasonably certain that pain and suffering will occur. A careful examination of this record indicates that there was testimony by the treating physician that the medical condition of Davis would deteriorate in the future and that surgery would have to be performed to replace his hip at a current medical expense of $10,000. The doctor also testified that Davis would have severe limitation of motion and would have continual pain and suffering. The Court of Appeals noted that he would probably feel weather changes, ache and pain in cold and damp weather, and experience hip pain when he squats or does some extreme motion. The decision of the trial court is not supported by the evidence submitted at trial and the evidence actually supports reversal.

The general relationship between a medical award for future expenses and a corresponding grant for pain and suffering is not new to this Commonwealth. The rationale used in *Wall v. VanMeter,* 311 Ky. 198, 223 S.W.2d 734 (1949), is analogous to this situation. We must also note that in *Stucker v. Bibble,* Ky., 442 S.W.2d 578 (1969), it was held that a verdict was inconsistent on its face because it provided for an award for medical expenses, yet denied any recovery for pain and suffering incident to the injury for which the medical expenses were incurred. There is a similar inconsistency here because there was an award for $10,-000 representing future medical expenses without a parallel award for future pain and suffering. The award for medical expenses, as well as future pain and suffering, was supported by evidence from the treating physician. The failure to make such an award renders the judgment clearly erroneous and inconsistent. *Vittitow v. Carpenter,* Ky., 291 S.W.2d 34 (1956).

It was reversible error for the trial judge to overrule the motion by Davis to vacate the judgment and for a new trial. The opinion of the Court of Appeals is vacated and this matter is to be remanded for a new trial on the question of future pain and suffering.

We must now turn to the remaining issue raised by American States Life Insurance Co. as to whether they have a separate common law action for indemnity independent of the considerations of the Workers' Compensation statutes.

■ We agree with the Court of Appeals that the definitions of subrogation and indemnity are intertwined. All are forms of restitution. Other such intermingled words are contribution, guaranty and suretyship. KRS 342.700, which does not use the word subrogation, is a reasonable limit on the right of restitution, whether it be called indemnity or subrogation. It is an adequate and complete remedy. We are aware of the cases which hold that the right of indemnity exists independent of statute and that the elements of statutory subrogation do not control. The situation presented

here has never been specifically determined in this State. Where the rights of the compensation insurance carrier afforded by KRS 342.700 and CR 24.01 provide an adequate opportunity for reimbursement of compensation outlay, there is no need to grant him the parallel action of indemnity.

· ■ Consequently, it is our holding that the trial court was correct in finding that the intervening party, American States, is confined to its subrogation against that portion of the $30,000 recovered pertaining to past medical expenses and lost earnings.

It is the holding of this Court that it was error for the trial court to allow a judgment which awarded $10,000 in future medical expenses but made no award for future pain and suffering when evidence of probative value was presented.

■ It is our further holding that it was not reversible error to grant a directed verdict and to submit an *Orr v. Coleman* instruction to the jury providing for apportionment of liability after having informed the jury that the only other codefendant had been dismissed from the case as a matter of law.

It is also our holding that there is still a common law right of indemnity which is limited by Workers' Compensation statutes.

STEPHENS, C.J., and AKER, J., concur.

VANCE, J., concurs in result only.

LEIBSON and STEPHENSON, JJ., dissent by separate opinions.

GANT, J., did not sit.

LEIBSON, Justice, dissenting.

*Wall v. VanMeter,* 311 Ky. 198, 223 S.W.2d 734 (1949) has no application to the present case. *Wall v. VanMeter* applies when the jury has been instructed that, if it finds for the plaintiff, and finds he was injured, it shall award medical expenses *and* pain and suffering. I agree that the same principle applies whether the question involved is *past* medical expenses and pain and suffering, or *future* medical expenses and pain and suffering. But here the jury

was instructed on future pain and suffering, but *not* on future medical expenses. The jury was given a form of verdict with a space to award future medical expenses in the *absence* of any instruction on the subject.

Had the jury followed the instructions, it would have made *no award* for future medical expenses. We can only speculate as to whether the award of $10,000 for future medical expenses, an item of damages not covered by the instructions but for which a space was provided in the "Form of Verdict," was in fact an award for future pain and suffering. No one can sort this case out. I would affirm.

STEPHENSON, Justice, dissenting.

I am of the opinion it was not harmless error for the trial court to direct a verdict for Koenig. This error is further compounded by the reach of the majority opinion in sending this case back for trial on future damages alone. Thus Audubon will be required in all probability to bear an even heavier burden in damages. It simply strains the bounds of credulity to believe that the *Orr v. Coleman* instruction cured this error when the jury was advised by the trial court before the instruction that Koenig was no longer in the case as a matter of law. I would reverse for a trial on all issues with Koenig in the case.

Accordingly I dissent.