945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anita Jackson Harris HINKLE, Plaintiff-Appellant,
v.
Ronnie D. WADDELL and Bill Hill, Defendants-Appellees.
 No. 90-6481.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1991.
 
 Before BOYCE F. MARTIN, JR., and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Anita Jackson Harris Hinkle appeals the decision of the district court denying her motion for a new trial pursuant to Fed.R.Civ.P. 59. For the following reasons, we affirm.
 
 
 2
 Harris filed this Kentucky diversity action against the defendants, Ronnie Waddell and Bill Hill, seeking $150,000 in damages for injuries she allegedly suffered as a result of an automobile accident in September 1987. The district court, after bifurcating the issues of liability and damages, tried the issue of damages first. Responding to an interrogatory, the jury initially returned a verdict of zero for pain and suffering, future medical expenses, and lost income. They, however, awarded $2,869 for medical expenses. The court explained to the jury that an award of medical expenses must be accompanied by some award for pain and suffering. After further deliberaiton, the jury subtracted one dollar from the medical expenses category, awarding Hinkle one dollar for pain and suffering and $2,868 for medical expenses.
 
 
 3
 Hinkle filed a Rule 59 motion for a new trial arguing that (1) the jury's verdict and its answer to the interrogatory were contrary to the weight of the evidence; (2) the jury's initial verdict was inconsistent; and (3) the jury's award was inadequate. The court denied Hinkle's motion holding that the jury's verdict was neither contrary to the weight of the evidence nor inadequate. The court also held that following receipt of the jury's inconsistent initial verdict, the choice whether to grant a new trial or to allow the jury to redeliberate was within the discretion of the court.
 
 
 4
 Even in a diversity case federal law provides the standard for evaluating a Rule 59 motion for a new trial. Arms v. State Farm Fire & Casualty, 731 F.2d 1245, 1248 n. 2 (6th Cir.1984). In ruling upon a motion for a new trial based upon the ground that a verdict is against the weight of the evidence, a trial court may compare and weigh the opposing evidence. Toth v. Yoder, 749 F.2d 1190, 1197 (6th Cir.1984). It may not, however, set aside a jury verdict simply because the jury could have drawn different inferences or conclusions, or because the court feels that another result is more reasonable. TCP Industries, Inc. v. Uniroyal, 661 F.2d 542, 546 (6th Cir.1981) (quoting Tenant v. Peoria & P.U. Ry. Co., 321 U.S. 29, 35 (1944)). A trial court will grant a motion for a new trial only if the jury's verdict is one that could not reasonably have been reached. Id.
 
 
 5
 The decision to grant or deny a new trial under Rule 59 is certainly within the trial court's discretion. We reverse only if it abused its discretion. Davis v. Jellico Community Hosp. Inc., 912 F.2d 129, 132 (6th Cir.1990); Toth, 749 F.2d at 1197; TCP Industries, 661 F.2d at 546. "Abuse of discretion is defined as a definite and firm conviction that the trial judge committed a clear error in judgment." Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989).
 
 
 6
 The district court did not abuse its discretion in denying Hinkle's motion for a new trial based upon the ground that the jury verdict is against the weight of the evidence. Dr. Bruce Barton, Hinkle's physician, testified that prior to the automobile accident he had regularly treated Hinkle for neck pain, and he also acknowledged that it was likely that Hinkle would have had neck pain even if the accident had not occurred. Several months prior to the accident, the doctor also treated Hinkle for a series of occipital headaches, which are headaches associated with neck pain and neck tightness. Some of these occipital headaches were fairly severe. Hinkle also exhibited straightening of the spine secondary to muscle spasms prior to the accident. The jury also heard Hinkle testify about various accidents and injuries she suffered after the automobile accident. Since the jury verdict is reasonable and not against the weight of the evidence, we find no abuse of discretion in denying the motion for a new trial.
 
 
 7
 Hinkle also argues that the district court should have granted her a new trial because the two jury verdicts were each internally inconsistent. Since Hinkle brought this case pursuant to the district court's diversity jurisdiction, Kentucky law determines what constitutes an inconsistent verdict. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938). However, whether the court should grant a new trial is a matter of federal procedure to be decided by reference to federal law. Toth, 749 F.2d at 1197. The federal rule, as stated above, is that the decision to grant or deny a new trial is within the sound discretion of the district court, and we will reverse only if the court abused its discretion. Id.
 
 
 8
 It is unclear whether the jury's first verdict is internally inconsistent under Kentucky law. In American States Ins. v. Audubon Country Club, 650 S.W.2d 252, 254-55 (Ky.1983), the Kentucky Supreme Court reversed a lower court for entering judgment on a verdict containing an award of future medical expenses with no consideration of the plaintiff's pain and suffering. The court, however, stated:
 
 
 9
 If future medical expenses are awarded by a jury, there is then a strong indication that a corresponding award for future pain and suffering must be considered. There can be no blanket rule that if a jury grants future medical expenses they must automatically make an award for pain and suffering related thereto. There must be evidence to support either award. In any event the jury should address the question and give some answer.
 
 
 10
 Id. at 254 (emphasis added). The court does not appear to hold that a jury must make an award for pain and suffering if it awards medical expenses. It need only consider pain and suffering. Wall v. Van Meter, 223 S.W.2d 734 (Ky.1949) also does not announce such a proposition. In Wall, the court merely held that the trial court should have granted a new trial because the jury ignored a court instruction that if it found for the plaintiff, it was to award medical expenses and pain and suffering.
 
 
 11
 Even assuming the jury's first verdict in this case is inconsistent under Kentucky law, federal law determines the procedural mechanism to remedy the inconsistency. Hinkle's reliance on Hazelwood v. Beauchamp, 766 S.W.2d 439 (Ky.App.1989) is misplaced. In Hazelwood, the court, in dicta, stated: "[I]t is futile to require a jury that has consciously inserted '0' or its equivalent to reconsider its decision ... [I]t is untenable to utilize that procedure where the jury has deliberately awarded nothing, despite the evidence and instructions to the contrary." Id. With due respect to the court's observation, in this case the trial court is not obligated to follow a state court's pronouncement on procedure.
 
 
 12
 We believe it is within a trial court's discretion to determine whether it should employ a new trial or require further jury deliberation to rectify an inconsistent verdict. Although not applicable to the case at hand, Fed.R.Civ.P. 49(b), which deals with general verdicts accompanied by answers to interrogatories, provides guidance. Rule 49 provides in pertinent part: "When the answers are inconsistent with each other and one or more is likewise inconsistent with the general verdict ... the court shall return the jury for further consideration of its answers and verdict or shall order a new trial." Fed.R.Civ.P. 49(b) (emphasis added). "The purpose of the rule is to allow the original jury to eliminate any inconsistencies without the need to present the evidence to a new jury." Lockard v. Missouri Pac. R.R. Co., 894 F.2d 299, 304 (8th Cir.), cert. denied, 112 L.Ed.2d 102 (1990).
 
 
 13
 We see no incongruity in using the same procedure in the present context. Hinkle cites Hopkins v. Coen, 431 F.2d 1055 (6th Cir.1970), and Devine v. Patteson, 242 F.2d 828 (6th Cir.), cert. denied, 355 U.S. 821 (1957) for the proposition that the granting of a new trial for an inconsistent verdict is mandatory rather than discretionary. These cases, however, present factual situations unlike the present case. Thus, to remedy an inconsistent verdict, a trial court has the discretion to choose between granting a new trial and allowing the jury to redeliberate. There is no indication in this case that the court abused its discretion by choosing to require the jury to redeliberate. In passing we note that Hinkle's argument that the jury's second verdict is inconsistent is without merit. Assuming Kentucky law requires a jury to make an award for pain and suffering to accompany a medical expenses award, the jury in this case did just that.
 
 
 14
 Finally, Hinkle alleges that the one dollar pain and suffering award is inadequate and that the district court should have granted a new trial on this ground. The scope of an appellate court's review of a damage award for inadequacy is extremely narrow. Semper v. Santos, 845 F.2d 1233, 1236 (3d Cir.1988); See Bruner v. Dunaway, 684 F.2d 422, 427 (6th Cir.1982) (courts are reluctant to overturn jury verdicts on the grounds of inadequate damages), cert. denied sub nom. Bates v. Bruner, 459 U.S. 1171 (1983). The remedy of a new trial for inadequate damages is appropriate only where the evidence indicates that the jury awarded damages in an amount substantially less than unquestionably proven by the plaintiff's uncontradicted and undisputed evidence. Semper, 845 F.2d at 1236. In Sterling v. Forney, 813 F.2d 191, 191 (8th Cir.1987), the court upheld the district court's decision denying a motion for a new trial based upon an inadequate jury verdict. The court stated, "[i]nadequacy or excessiveness of a verdict is basically an issue for the trial court, which is in the best position to evaluate such a claim." Id. Upon review, we do not believe that the pain and suffering award is substantially less than proven by Hinkle, and thus the district court did not abuse its discretion in denying a new trial.
 
 
 15
 For the foregoing reasons, the judgment of the district court is affirmed.