**Mary NUSSBAUM, Plaintiff-Appellant,**

v.

**Charles K. WAREHIME and Roadway Express, Inc., Defendants-Appellees.**

**No. 14404.**

United States Court of Appeals Seventh Circuit.

June 10, 1964.

Rehearing Denied July 20, 1964.

William D. Hall, Hall & Zeiher, Indianapolis, Ind., for plaintiff-appellant.

James E. Rocap, Jr., Rocap, Rocap, Reese & Robb, Indianapolis, Ind., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff brought this suit for damages alleged to have been suffered by her in an automobile collision when, on October 5, 1961, she was driving an automobile in Indianapolis, Indiana. At the intersection of East Washington and Linwood Streets, the automobile which plaintiff was driving came into collision with a semi-truck and trailer owned by defendant Roadway Express, Inc. and driven by defendant Charles K. Warehime. Plaintiff claimed that she received serious personal injuries as the result of the collision. There were two trials in the district court. At the conclusion of the first trial, the jury was unable to agree upon a verdict after twenty-one hours of deliberation. At the conclusion of the second trial, the jury brought in a verdict in favor of plaintiff and assessed her damages at $550.

After plaintiff's motion for a new trial was denied, plaintiff appealed to this Court urging the amount of damages awarded was so grossly inadequate that plaintiff is entitled to a new trial limited to the issue of the amount of damages to which plaintiff is entitled. No cross appeals were filed.

If it were clearly established by the evidence that the special damages of $6,-428 claimed by plaintiff did, in fact, proximately result from the injuries sustained by her in the collision, we would feel compelled to order a new trial. However, there was a sharp conflict in the medical testimony. It was shown that plaintiff was a woman only slightly more than five feet in height. She weighed 245 pounds. There was positive medical testimony that the ills of which she complained at the time of the trial were largely, if not entirely, due to her obese condition.

Included in the items of special damages were such things as 1) a proposed operation on a knee, $875, and 2) a proposed operation for hernia, $600. Here again there was medical testimony to the effect that such condition of the plaintiff was not caused by the collision.

Plaintiff's physician on cross-examination testified that chondromalacia, which had affected plaintiff's knee, could have come from trauma, but usually is a "wear and tear thing" which is more common

**464**

in people who are overweight. The orthopedic physician called by defendant answered a question of plaintiff's counsel saying "Actually if you are speaking of a true chondromalacia patella, we don't very often operate on those."

As to the umbilical hernia claimed as an injury by the plaintiff, Dr. Keenan, one of plaintiff's physicians, testified that such a hernia was seen quite often in heavy women who had had a number of children. There was additional medical testimony on the point of whether the injuries resulted from the accident. Suffice it to say, there was substantial testimony from which the jury could have determined that a very minor part of the claimed special damages was incurred by reason of the accident.

Plaintiff urges that defendants' counsel acted improperly and prejudiced plaintiff's cause by referring to two complaints in this case, one asking damages of $125,000 and the other for $250,000; also, defendants' counsel asked plaintiff in the presence of the jury if she did not have four different lawyers, referring to this case. Of course, defendants' counsel should have known better than to ask such questions. The trial court, however, did sustain plaintiff's objections to these remarks and admonished defendants' counsel.

Plaintiff argues that the small amount of the verdict shows the jury was influenced against her by defendant-counsel's conduct. However, the trial judge who listened to the evidence at the two trials did not grant plaintiff's motion for a new trial. We must assume that if the trial court regarded counsel's conduct as error, it was not prejudicial error.

■ In tort actions, appeals are frequently prosecuted on the ground the amount of damages awarded is excessive. We have held whether such verdicts should be sustained are within the sound discretion of the trial court and should not be disturbed upon appeal unless it affirmatively appears the verdict was the result of bias or prejudice. Thomas v. S. H. Pawley Lumber Company, 7 Cir., 303 F.2d 604; Bucher v. Krause, 7 Cir., 200 F.2d 576. In such cases, we have held that the quantum of damages is peculiarly within the province of the jury.

In general, the same matters are considered in the determination of whether an award in a personal injury case is inadequate as in the determination of when it is claimed to be excessive. Ulrich v. Kiefer, (Mo.App.) 90 S.W.2d 140. Generally, a verdict will not be disturbed merely on account of the smallness of the damages awarded or on the theory that the reviewing court would have awarded more. 15 Am.Jur. § 231, p. 664.

■ Applying the rules which we have hereinbefore stated, and under the facts of this case, we cannot interfere with the award of damages by the jury herein.

The judgment appealed from is

Affirmed.