**Auckland SEMPER and Eldra Semper, Appellants,**

v.

**Raymundo SANTOS and Everett Investments, Inc. d/b/a Caribbean Car Rentals.**

**No. 87–3203.**

United States Court of Appeals, Third Circuit.

Argued April 19, 1988.

Decided May 12, 1988.

Ronald W. Belfon (argued), Law Office of Warren M. Williams, Charlotte Amalie, St. Thomas, U.S. Virgin Islands, for appellants.

Douglas A. Brady (argued), Jacobs & Brady, Christiansted, St. Croix, U.S. Virgin Islands, for appellee.

Before SEITZ, SLOVITER, BECKER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

This case presents two issues: whether the trial court was required to grant a new trial because the jury failed to award damages for pain and suffering to plaintiff, and whether the trial court may preclude testimony of a witness who was not timely identified.

### I.

### *Facts*

Auckland Semper (Semper) and his wife brought suit in the Territorial Court of the Virgin Islands for injuries suffered by Semper when the automobile he was driving was hit by one driven by defendant Raymundo Santos. Santos, who had never before been in the Virgin Islands, was driving a rented car and was unaware that he was required to drive on the left side of the road. Because both cars were travelling at less than fifteen (15) miles per hour, a head-on collision was avoided and the impact was slight. Semper sued Santos and the company from which he rented the car. The trial court's grant of summary judgment to Semper against Santos on liability was uncontested. Thus, the only issue at trial as to Santos pertained to the amount of damages.

Following the accident, the police took Semper to the hospital, where he complained of chest pain and dizziness, Dr. Alfred Heath, a physician working in the emergency room, examined him, noted a contusion (bruise) to Semper's chest, and released him after receiving negative x-rays. It is not clear whether Semper was prescribed medication upon his release. Although Dr. Heath, defendants' witness, stated at trial that the normal procedure is to prescribe medication, he noted that the emergency room records did not indicate medicine being prescribed. App. at 204. Semper was charged $57.00 for emergency room services.

Approximately two weeks later, Semper, again complaining of chest pain, returned to Dr. Heath. Again, the diagnosis was a contusion to the chest, the symptoms of which normally subside within two or three weeks from the date of injury. App. at 215. At that time, Dr. Heath gave Semper a prescription for tylenol and codeine for pain. App. at 211. There is no evidence that this prescription was filled. No billing statement for this visit was offered into evidence, and Dr. Heath was unable to corroborate Semper's testimony that he was charged for this visit.

Semper testified at trial that he saw an unlicensed "healer" about a month after seeing Dr. Heath. Again, however, no bills were produced and it remained uncorroborated that Semper had actually paid for the "healer's" services.

Semper also testified that he visited several physicians on account of injuries received in the accident. Only one of these physicians, Dr. McDonald, testified. He stated that he had seen Semper on three occasions beginning approximately two and one-half years after the accident, and that although Semper complained of lower back pain, neck pain, a numb right leg, tremors, and pain around his waist, he complained primarily about his sexual dysfunction. None of these complaints was noted on the

records of the hospital emergency room immediately after the accident or on Dr. Heath's records of Semper's visit two weeks later. Dr. McDonald suggested that there might be a psychogenic ("in the mind") cause for Semper's sexual dysfunction. App. at 91.

Dr. McDonald testified that he prescribed Semper medication for the spasms in his lower back. App. at 66. Semper introduced evidence of other prescriptions, but Dr. Heath testified that those medications prescribed were for the treatment of ulcers and for the treatment of earaches. App. at 222–23.

Following the trial on the issue of damages, the jury found for the defendant car rental company, against Semper's wife, and for Semper in the amount of $57.00 against Santos, the amount of the total out-of-pocket expenses for which Semper submitted evidence. The trial court denied Semper's motion for a j.n.o.v. or for a new trial. Semper appealed to the Appellate Division of the District Court of the Virgin Islands, complaining, *inter alia*, about the inadequacy of the verdict and the trial court's refusal to permit a treating physician to testify. The Appellate Division of the District Court rejected both of these contentions, holding that the Territorial Court did not abuse its discretion.[1]

■ Semper appeals to this court. We consider first the scope of our review over the decision of the Appellate Division of the District Court of the Virgin Islands. The usual deference that an appellate court gives the trial court's discretionary rulings, *see United States v. Criden,* 648 F.2d 814, 817–19 (3d Cir.1981), is inapplicable when one appellate court reviews another. We have held in connection with another system of two-tiered appellate review that the second appellate tribunal should review the trial court's determination using the same standard of review applied by the first appellate tribunal. *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 101–102

---

1. The appellate division did hold that the trial court erred in permitting defendant to amend his answer to allege contributory negligence after the summary judgment on liability; it held

that Semper was entitled to the full $57.00 verdict, without reduction by the 25% for which the jury found Semper negligent.

(3d Cir.1981) (reviewing district court's appellate review of bankruptcy court decision). In such a system, both appellate courts are equally able to review the factual findings and discretionary rulings of the trial court, and it is only through an independent review of the trial court's findings that the second appellate court can determine whether the first appellate court erred in its review. *See id.* at 102. This reasoning is equally applicable to our review of the Appellate Division of the District Court of the Virgin Islands.

## II.

### *Inadequacy of Damage Award*

■ The scope of this court's review of a damage award is " 'exceedingly narrow' ", *Williams v. Martin Marietta Alumina, Inc.,* 817 F.2d 1030, 1038 (3d Cir.1987) (quoting *Walters v. Mintec International,* 758 F.2d 73, 80 (3d Cir.1985)), whether the appeal is from an allegedly excessive jury verdict or an allegedly inadequate damage award. *See, e.g., Nussbaum v. Warehime,* 333 F.2d 462, 464 (7th Cir.1964), *cert. denied,* 379 U.S. 979, 85 S.Ct. 682, 13 L.Ed.2d 570 (1965). We have ordered a new trial for excessive damages only when the verdict is so grossly excessive as to "shock the judicial conscience." *Williams,* 817 F.2d at 1038 (citation omitted). Similarly, the remedy of a new trial for insufficient damages is only appropriate where the evidence indicates that the jury awarded damages in an amount " 'substantially less than was unquestionably proven by plaintiff's uncontradicted and undisputed evidence.' " *Taylor v. Bennett,* 323 F.2d 607, 609 (7th Cir. 1963) (quoting *Schaeper v. Edwards,* 306 F.2d 175, 177 (6th Cir.1962)); *see also Tann v. Service Distributors, Inc.,* 56 F.R.D. 593, 598 (E.D.Pa.1972) (new trial will not be awarded unless damages assessed by jury are so unreasonable as to offend conscience of the court), *aff'd,* 481 F.2d 1399 (3d Cir. 1973).

The question of adequacy of damages is primarily left to the sound discretion of the trial court in considering a motion for a new trial, and this court will not disturb that determination unless a " 'manifest abuse of discretion' [is] shown." *Edynak v. Atlantic Shipping Inc. CIE. Chambon,* 562 F.2d 215, 225–26 (3d Cir.1977), *cert. denied,* 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978); *see also Murray v. Fairbanks Morse,* 610 F.2d 149, 153 (3d Cir.1979) ("trial judge is in the best position to evaluate the evidence and assess whether the jury's verdict is rationally based"); *Porterfield v. Burlington Northern Inc.,* 534 F.2d 142, 146 (9th Cir.1976) (appellant has "substantial burden to demonstrate that the trial judge's discretion was abused").

Semper places his principal reliance on *Brown v. Richard H. Wacholz, Inc.,* 467 F.2d 18 (10th Cir.1972), where the court ordered a new trial because the jury had awarded plaintiff only the exact dollar amount of his out-of-pocket expenses for hospital and medical costs. However, in that case the court explained that "[u]nder applicable Colorado law the jury's authority does not include limiting the award to actual medical expenses where the undisputed evidence establishes both pain and suffering *and permanent disability.*" *Id.* at 20 (emphasis added). Even if we were inclined to follow the same rule, an issue we do not decide, *Brown* is not apposite here because there is no undisputed evidence of any permanent disability.

■ Semper's testimony regarding his pain, backaches, sexual dysfunction, and emotional problems was all uncorroborated. The jury was free to draw its own conclusion from the totality of evidence presented, particularly in light of Semper's failure to mention many of these alleged medical problems to the only physician who saw him shortly after the accident and his failure to seek any further medical attention other than that of a "healer" for two years after the accident.

Semper argues that his testimony that he suffered two weeks of chest pain was well-corroborated and undisputed, and that the trial court abused its discretion in refusing to grant a new trial because no reasonable jury could have failed to award him damages for pain and suffering. The testimony shows that he complained of chest pains

immediately after the accident and on his visit to Dr. Heath approximately ten days later. However, although Semper was prescribed a pain medication when he saw Dr. Heath the second time, Semper did not testify that he filled that prescription or that he took the medication.

Santos testified that immediately after the impact Semper did not complain of any injury and that Semper stated he was "okay" and showed no signs of being in pain. App. at 41. The jury was in the best position to evaluate the credibility of Semper's testimony of his pain and suffering. *See Murray v. Fairbanks Morse*, 610 F.2d at 154; *Porterfield v. Burlington Northern Inc.*, 534 F.2d at 146 (allegedly inadequate damage award should not be overturned where it results from credibility judgments by the trier of fact); *Szewczyk v. Doubet*, 354 A.2d 426, 430 (Del.1976) (jury free to reject plaintiff's testimony as to pain and suffering). The jury was under no obligation to believe the testimony of Semper as to his chest pain, even if that testimony were undisputed. *Cf. Rhoades, Inc. v. United Air Lines, Inc.*, 340 F.2d 481, 486 (3d Cir.1965) ("the trier of fact, whether the issue be one of an excessive or inadequate verdict, is at liberty within the bounds of reason to reject entirely the uncontradicted testimony of a witness which does not convince the trier of its merit"). This court has stated that, "[e]vidence of pain and suffering is particularly ill-suited to review upon only a written record." *Edynak v. Atlantic Shipping Inc. CIE. Chambon*, 562 F.2d at 227 n. 16.

Plaintiff stresses that in his argument to the jury, defense counsel suggested that an award of $3,000 would be appropriate. Defense counsel explains that this comment was in response to plaintiff counsel's request that the jury award plaintiff $200,-000. Appellee's Brief at 28. The arguments of counsel are not evidence, and the jury remained free to make its own assessment.

Because the jury could have decided to discredit Semper's testimony of pain and suffering on this record, we cannot hold that the jury's award of $57.00 covering Semper's only verified expense, the cost of the emergency room treatment following the accident, "shock[s] the judicial conscience," *Williams*, 817 F.2d at 1038. The trial judge who also heard the evidence and observed the witnesses found the verdict not to be against the weight of the evidence nor unconscionable. We conclude that he did not abuse his discretion in denying Semper's motion for a new trial.

### III.

### *Exclusion of Expert Witness on Rebuttal*

■ Semper also argues that the trial judge abused his discretion in excluding testimony of a physician Semper denominates as "an important rebuttal witness." Appellant's Brief at 21. The court based its ruling excluding the witness on Semper's failure to timely disclose that this proposed expert witness, Dr. Omitowoju, had been an examining physician or that he would be called as a witness for plaintiffs at trial. Dr. Omitowoju had originally seen Semper in November, 1984, well in advance of the discovery deadline. App. at 254. Nonetheless, Semper ignored defendants' request for supplementation of responses to discovery and did not identify Dr. Omitowoju by the April 12, 1985 deadline that the court set for naming witnesses.

It was only on April 30, 1985, one day after jury selection, that defendants received mail notice dated April 20, 1985 of Semper's intention to call Dr. Omitowoju as an expert witness. Defendants then moved *in limine* to exclude the doctor as a trial witness, and the trial court granted the motion due to Semper's failure to comply with the court-imposed discovery deadline. Because jury selection had already commenced and the case was about to proceed to trial, defendants had been effectively precluded from the opportunity to obtain discovery concerning Dr. Omitowoju's treatment, findings, or prospective testimony.

Semper attempted to call Dr. Omitowoju in rebuttal following the close of defendants' case. Semper concedes that he made no offer of proof as to the scope of the

doctor's testimony. Appellant's Brief at 21–22 & n. 4. The trial judge cannot be faulted, therefore, for excluding the testimony as, in the appellate division's words, "a back-door attempt to bolster the case-in-chief." App. at 551.

■ Even more important, the trial court had the discretion to exclude testimony of a witness who had not been identified. The trial court's exclusion of testimony because of the failure of counsel to adhere to a pretrial order will not be disturbed on appeal absent a clear abuse of discretion. *Franklin Music Co. v. American Broadcasting Companies*, 616 F.2d 528, 539 (3d Cir.1979). As the trial court stated, had Dr. Omitowoju been permitted to testify, Semper "would have profitted from its own failure to comply with the discovery deadlines," App. at 545, since defendants would have been prejudiced.

In *Murphy v. Magnolia Electric Power Ass'n*, 639 F.2d 232 (5th Cir.1981), on which Semper relies, not only had plaintiffs offered to exchange experts' reports ten days before trial, but also the evidence excluded "struck at the heart of appellants' case." *Id.* at 235; *see also Meyers v. Pennypack Woods*, 559 F.2d 894, 904 (3d Cir.1977) ("importance of the excluded testimony" one of the factors to be considered in deciding whether trial court abused its discretion in excluding witness), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir.1985), *aff'd,* —— U.S. ——, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). Here, it is questionable whether the rebuttal testimony would have materially helped Semper. Semper argues "that Dr. Omitowoju would have testified in rebuttal that Dr. Heath was wrong to say that back problems normally become apparent within 72 hours of a trauma, as in fact they normally can take as long as six weeks." Appellant's Brief at 21–22. Although Semper contends this testimony would have bolstered his credibility, and discredited Dr. Heath, both the trial judge and the Appellate Division of the District Court discounted the significance of this proposed testimony. In light of the fact that Semper sought no further medical attention other than that of the "healer"

for more than two years after the accident, testimony that he might have had back pain six weeks thereafter hardly "strikes at the heart" of Semper's case.

## IV.

### *Conclusion*

For the reasons set forth above, we will affirm the judgment of the Appellate Division of the District Court.