902 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leopoldo B. HERNANDEZ, Jr., Defendant-Appellant.
 No. 88-5071.
 United States Court of Appeals, Fourth Circuit.
 Argued March 6, 1990.
Decided April 13, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. John T. Copenhaver, Jr., District Judge. (CR-3:86-24)
 Susan Grab, Third Year Law Student, Catholic University of America, Washington, D.C., argued, for appellant; Fred Warren Bennett, Federal Public Defender, Stephen J. Cribari, Deputy Federal Defender, Baltimore, Md., on brief.
 Joseph Francis Savage, Jr., Assistant United States Attorney, Huntington, W. Va., for appellee; Michael W. Carey, United States Attorney, Huntington, W. Va., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Leopoldo Hernandez, a physician in Huntington, West Virginia, appeals from his conviction of federal mail fraud charges arising out of his practice of double-billing both his patients' insurance companies and the West Virginia Workers' Compensation Fund for single medical visits and treatments. He contends that one of the government's witnesses, Helen Hernandez, was incompetent to testify at his trial and that the government's evidence of his former crimes and of another uncharged false drug billing scheme was inadmissable. We have reviewed the briefs of counsel, heard oral arguments, and satisfied ourselves concerning the facts of the case and the applicable law. For the reasons expressed below, we affirm the decisions of the district court.
 
 
 2
 Whether a witness is competent to testify at trial is determined by the trial court after appropriate examination. "[H]is exercise of discretion in this regard is to be reversed only for clear error." United States v. Odom, 736 F.2d 104, 112 (4th Cir.1984). We do not find any clear error in the trial court's rulings concerning the competence of Helen Hernandez.
 
 
 3
 Evidence of Hernandez's prior crimes and the uncharged false drug billing scheme was admitted under Federal Rule of Evidence 404(b) for purposes other than to prove Hernandez's character "in order to show action in conformity therewith." Fed.R.Evid. 404(b). This evidence was relevant to show knowledge, intent, and absence of mistake in order to rebut Hernandez's defense theories. In admitting the evidence, the trial court also held that its probative value was not substantially outweighed by the danger of unfair prejudice. See Fed.R.Evid. 403.
 
 
 4
 It is well settled in this Circuit that the decision to admit evidence under Rule 404(b) and Rule 403 is "within [the district court's] discretion and such decision will not be disturbed unless it was arbitrary or irrational." United States v. Rawle, 845 F.2d 1233, 1247 (4th Cir.1988); see, e.g., United States v. Hadaway, 681 F.2d 214, 217 (4th Cir.1982); United States v. Pennello, 668 F.2d 789, 790 (4th Cir.1982); United States v. Masters, 622 F.2d 83, 88 (4th Cir.1980). The court below neither abused its discretion nor exercised it in an arbitrary or irrational manner in admitting this evidence.
 
 
 5
 Accordingly, the convictions of Hernandez are
 
 
 6
 AFFIRMED.