**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4017
_____

DULCE CABRERA,
Appellant

v.

ROSS STORES OF PENNSYLVANIA, LP;
ROSS STORES, INC; ROSS DRESS FOR LESS, INC;
ROSS DRESS FOR LESS #506; ROSS PENNGEN, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 5-13-cv-05218)
Magistrate Judge: Honorable Richard A. Lloret

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2016

Before: CHAGARES, KRAUSE and GREENBERG, Circuit Judges

(Filed: April 4, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Dulce Cabrera appeals pro se from an order of the District Court granting summary judgment in favor of defendants on the ground that Cabrera could not prove the causation element of her claims absent expert testimony. For the reasons that follow, we will affirm the District Court's judgment.

Cabrera's suit against the defendants (referred to herein as "Ross Stores") was removed from the Philadelphia Court of Common Pleas to the District Court on September 6, 2013. The core allegation was that Cabrera suffered a knee injury when she slipped and fell on a puddle of water in a Ross Dress for Less store. District Judge Jeffrey L. Schmehl referred the case to arbitration, but after arbitration concluded in August 2014, Cabrera demanded a trial de novo. In October 2014, Ross Stores made an offer of judgment in the amount of $20,000, which Cabrera did not accept. Thereafter, the parties consented to the jurisdiction of Magistrate Judge Richard A. Lloret, who presided over all further proceedings.

Sometime around April 2015, the District Court learned that Cabrera had dismissed her counsel and had elected to proceed pro se. Also in April 2015, the District Court declined to grant summary judgment in favor of Ross Stores on the asserted ground that Cabrera had put forth no evidence that Ross Stores had actual or constructive notice of the dangerous condition. Then in July 2015, in anticipation of trial, the District Court ordered the parties to submit their witnesses for trial by September 28, 2015, and later extended that deadline to October 2, 2015.

There is some confusion about Cabrera's attempts to comply with that order. First, Cabrera states that her initial discovery disclosures contained the names of her treating physicians Dr. Alexis Troncosco, Dr. Mark Augello, and Dr. James Sunday, plus the statements that she reserved "the right to call any medical providers identified above or in attached medical records" and that she reserved "the right to supplement this response in the future." Cabrera also states that she both served upon Ross Stores and filed with the District Court an expert witness report from Dr. Bruce Grossinger on September 28, 2015, which opines that Cabrera's alleged fall at Ross Dress for Less caused her knee injury. Such a filing is not listed on the District Court's docket sheet; however, it appears that Cabrera delivered a box of numerous potential trial exhibits to the District Court on or shortly before September 28, 2015, but without providing the defendants a copy of those exhibits. On October 14, 2015, the District Court issued an order making copies of Cabrera's "trial exhibits" available to counsel for the defense. It is not contested, however, that Cabrera neither updated her initial disclosures to include Dr. Grossinger nor named Dr. Grossinger as a witness for trial.

On October 15, 2015, Ross Stores filed a motion in limine to preclude Cabrera from presenting expert testimony at trial, on the ground that she had not disclosed any expert witnesses and that any surprise expert witness appearance at trial would be highly prejudicial to the defense. At the October 19, 2015 pre-trial hearing, Cabrera conceded that she had no expert witness to present, stating only that she had contacted one of her treating physicians, Dr. Sunday, and had been unable to secure his appearance at trial

3

absent a court order. The District Court concluded that it would grant Ross Stores' motion in limine to preclude expert testimony at trial, and then received Ross Stores' oral motion for summary judgment on the ground that Cabrera could not prove causation without the testimony of a medical expert.

The District Court ordered briefing on the summary judgment motion. Cabrera filed an opposition that did not mention the issue of causation or assert that she had any expert testimony that she wished to present at trial—whether from Dr. Grossinger or any other physician. The District Court then granted Ross Stores' summary judgment motion and dismissed Cabrera's claims with prejudice.

This appeal followed. On appeal, Cabrera argues that she substantially complied with the District Court's scheduling order when she submitted the box of documents to the District Court that included Dr. Grossinger's expert report. Cabrera also argues that expert testimony was not strictly necessary under Pennsylvania law under the circumstances of her case. Ross Stores, for its part, argues that the District Court's summary judgment ruling was correct in all respects. In addition, Ross Stores has moved that we quash Cabrera's appeal without considering the merits, on the ground that Cabrera never meaningfully contested the motion for summary judgment or the motion in limine to exclude expert testimony.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment de novo, Viera v. Life Ins. Co. of N. Am., 642 F.3d 407, 413 (3d Cir.

4

2011), and the decision to bar expert testimony for an abuse of discretion, <u>Semper v. Santos</u>, 845 F.2d 1233, 1238 (3d Cir. 1988).

As an initial point, we agree with the District Court that expert testimony was necessary to establish the causation element of Cabrera's suit. The passage of time between when Cabrera fell at Ross Dress for Less and when she received medical treatment meant that her case was not one in which there was an obvious causal relationship between the accident and her injury. <u>See</u> <u>Smith v. German</u>, 253 A.2d 107, 108 (Pa. 1969) ("Where there is no obvious causal relationship, unequivocal Medical testimony is necessary to establish the causal connection."). As a result, the merits of this appeal turn on whether the District Court abused its discretion when it precluded Cabrera from presenting undisclosed expert medical testimony at trial.

We consider the following factors when deciding whether a district court abused its discretion to exclude a witness:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or wilfulness in failing to comply with the district court's order.

<u>Konstantopolous v. Westvaco Corp.</u>, 112 F.3d 710, 719 (3d Cir. 1997). Additionally, "the importance of the excluded testimony should be considered." <u>Id.</u> (internal quotation marks omitted). "[T]he exclusion of critical evidence is an extreme sanction, not

normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." Id. (internal quotation marks omitted).

Considering these factors, we conclude that the District Court did not abuse its discretion. Cabrera had ample opportunity to disclose her intention to use Dr. Grossinger as an expert but consistently failed to do so. Although Cabrera placed Dr. Grossinger's report in the box of trial exhibits that she delivered to the District Court, neither Ross Stores nor the District Court was required to sift through those documents in order to discern their significance. Placing a report in a box as a potential exhibit is not the same thing as identifying the author of the report as an expert witness for trial. Then, at the subsequent pre-trial hearing, Cabrera never mentioned that she intended to call Dr. Grossinger at trial. Instead, Cabrera disclaimed that she had any available expert witness to present. Only after her case was dismissed did Cabrera argue that Dr. Grossinger's analysis supported the causation element of her tort claim, in the document "Plaintiff's Response to Appeal Decision of Defendants' Motion for Summary Judgment" that Cabrera filed in the District Court along with her notice of appeal. It defies reason to argue that Ross Stores and the District Court should have been on notice that Cabrera intended to rely on Dr. Grossinger's expert analysis at trial when Cabrera made that argument only after her case was dismissed and after she had disclaimed the intent to present any expert testimony.

Cabrera makes some additional points to overcome that deficiency, but to no avail. First, Cabrera asserts that Dr. Grossinger's report was one of the exhibits that her counsel

had prepared for her arbitration hearing, and that Ross Stores therefore had knowledge of that report at least as of August 2014. But Cabrera sets out no detail on whether that report was actually used in arbitration, and Ross Stores need not have assumed that preparation of a potential arbitration exhibit would have meant that the author of that exhibit would have been an expert at trial over a year later. Second, Cabrera argues that her initial disclosures stated that she might rely on doctors mentioned in her medical records, and that her medical records generally disclosed her physical condition. But Cabrera never asserts that Dr. Grossinger himself was named in her treating physicians' records, or that the specifics of his analysis appeared in those treating physicians' records. Cabrera's argument seems to be that disclosing her medical condition in general is sufficient to disclose the essential contested point of what caused her injuries, and that she was therefore entitled to rely on Dr. Grossinger's report at any time. That is not so. Finally, Cabrera's argument suffers from a crucial omission: she has never said, and still does not say, that Dr. Grossinger would actually have appeared at trial on her behalf.

As a result, although expert testimony was of paramount importance to Cabrera's case, the District Court did not abuse its discretion when it granted Ross Stores' motion in limine to bar Cabrera from introducing expert testimony at trial after she had failed to disclose any expert witness. The District Court was then also correct to grant summary judgment in favor of Ross Stores and dismiss Cabrera's case for want of evidence to support the element of causation.

Consequently, we will affirm the District Court's judgment. Ross Stores' motion to quash is dismissed as moot.[1]

---

[1] We observe that Ross Stores could have raised its waiver arguments in its response brief, instead of in a separate motion to quash. Filing a separate motion to quash had the effect of burdening these proceedings, in part because Ross Stores did not also seek to stay the briefing schedule during consideration of the motion to quash. Should Ross Stores seek to file a Bill of Costs in this case, it is cautioned to seek only the minimum necessary and non-duplicative costs for the filing of its February 4, 2016 brief and supplemental appendix. See Third Circuit LAR 39.3. We note also that although Ross Stores was within its rights to argue waiver, its focus on its waiver arguments had the unhelpful effect of omitting both a direct response to the merits of Cabrera's arguments concerning whether it was proper to grant Ross Stores' motion in limine and also an explanation of the specific facts concerning when and how Dr. Grossinger's report was disclosed or mentioned.