**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1455
_____

LAKEVIEW PHARMACY OF RACINE, INC.,
                                                              Appellant

v.

CATAMARAN CORPORATION

_____

On Appeal from the United States District Court for the
Middle District of Pennsylvania
District Court No. 3:15-cv-00290-KM
District Court Judge: Honorable Karoline Mehalchick

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 10, 2026

(Filed March 9, 2026)

Before:  CHAGARES, *Chief Judge*, SCIRICA and RENDELL, *Circuit Judges*.
_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge.*

Lakeview Pharmacy of Racine ("Lakeview") challenges the District Court's exclusion of its expert report in its breach of contract action against Catamaran Corporation ("Catamaran"), which resulted in the grant of Catamaran's motion for summary judgment. Because the District Court did not abuse its discretion in excluding the report, we will affirm.

## I.

In 2015, Lakeview filed an action against Catamaran for breach of contract. The initial scheduling order stated that extensions would be "sparingly granted and only for good cause shown, upon application made before the expiration of the relevant deadline." App. 116. The original joint case management plan, signed by the parties and adopted by the District Court, ordered fact discovery to be completed by September 30, 2016, and expert reports by October 31, 2016. Discovery disputes arose, which were resolved by the District Court after a few years and both deadlines had passed. In 2021, after resolving the last discovery dispute, the District Court requested a joint proposed scheduling order "concerning the future case management of this matter." App. 411. The initial discovery and expert deadlines were never extended, however.[1]

In June 2017, a separate case was filed on behalf of independent pharmacies against Catamaran's corporate successor, Optum Rx ("Optum"), alleging breach of contract, as well as violations of various state laws regulating pharmacy benefit managers. *Mabe v.*

---

[1] In September 2018, Lakeview moved to reopen fact discovery on a narrow statute of limitations issue, but the District Court denied the motion.

*Optum Rx*, Case No. 3:17-cv-01102 (M.D. Pa.). Optum moved to compel all but nine plaintiffs to arbitrate. On October 9, 2018, for the non-arbitrable pharmacies, Plaintiffs moved to consolidate *Mabe* and *Lakeview* and use the *Mabe* discovery deadlines as controlling. On February 13, 2019, the District Court denied the motion, noting the "divergent procedural postures and claims of the two actions." App. 1735.

On February 16, 2021, Lakeview produced a damages-related expert report by 3 Axis Advisors ("the Expert Report"), which had both *Mabe* and *Lakeview* listed in the caption. Later in 2021, Optum produced two expert rebuttal reports in response to the Expert Report and deposed the expert; both the reports and the deposition transcript listed only *Mabe* in the caption.

After two judicial reassignments, on May 31, 2024, Catamaran moved for summary judgment in *Lakeview*, arguing in part that summary judgment was warranted because Lakeview could not show damages without relying on the untimely Expert Report. Lakeview conceded that the Expert Report was its only evidence that it suffered damages as a result of Catamaran's alleged breach of contract and breach of its implied duties of good faith and fair dealing. A week before the oral argument on the motion for summary judgment, Lakeview disclosed facts and data allegedly used by its experts to prepare the Expert Report. After the hearing on the motion for summary judgment, the District Court granted Catamaran's motion, concluding that the Expert Report should be excluded. The District Court found that Lakeview violated court orders and Federal Rule of Civil Procedure 26 by serving the untimely Expert Report and by failing to disclose facts and data on which the expert relied. Then, the District Court concluded that exclusion was

3

appropriate after considering the Federal Rule of Civil Procedure 37 exclusion factors. Because the Expert Report was the only basis for Lakeview's damages, the District Court concluded that Lakeview's claims necessarily failed and granted summary judgment in Catamaran's favor.

II.[2]

On appeal, Lakeview argues that it was substantially justified in untimely serving the Expert Report and that the District Court abused its discretion in finding that the prejudice, disruption of trial, and willfulness factors were met for exclusion. We address each argument in turn.

A.

Lakeview first argues that the District Court abused its discretion in excluding the Expert Report on lateness grounds because its failure to serve timely the report was substantially justified. "The trial court's exclusion of [evidence] because of the failure of counsel to adhere to a pretrial order will not be disturbed on appeal absent a clear abuse of discretion." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (quoting *Semper v. Santos*, 845 F.2d 1233, 1238 (3d Cir. 1988)). Under Rule 26, a party must make expert disclosures at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(D). Under Rule 37, a party that fails to disclose an expert report "is not allowed to use that information or witness to supply evidence on a motion, at a

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to exclude expert testimony for abuse of discretion. *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 268 (3d Cir. 2012).

4

hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, the District Court issued a scheduling order setting the deadlines for the parties' respective expert reports, and Lakeview did not serve the Expert Report until almost four years after that deadline. Lakeview contends that the District Court's delayed resolution of discovery disputes justified its untimely service of the Expert Report. But Rule 16(b)(4) provides—and the District Court's order clearly stated—that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); App. 116. Moreover, Lakeview disregarded its discovery obligations under Rule 26 by refusing to disclose the facts and data on which the Expert Report relied until a week before the hearing on summary judgment, which was four years after Lakeview served the Expert Report. Fed. R. Civ. P. 26(a)(2)(B). Lakeview never sought any necessary extensions for expert discovery, and its untimeliness was not justified by the District Court's delayed resolution of discovery disputes.[3] Accordingly, Lakeview failed to comply with the District Court's order setting expert discovery deadlines and its discovery obligations.

B.

Lakeview next argues that the District Court abused its discretion in its analysis of the Rule 37 exclusion factors. The Rule 37 factors are:

---

[3] While we understand Lakeview's frustrations with the delayed resolution of discovery disputes, Lakeview had an obligation to comply with the court orders, including the scheduling order, and if necessary, seek extensions of those deadlines.

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or wilfulness in failing to comply with the district court's order.

*Konstantopoulos*, 112 F.3d at 719 (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)). We also consider the importance of the excluded testimony. *Id.* On appeal, Lakeview challenges the District Court's analysis of the prejudice, disruption, and willfulness factors, but does not argue that the District Court failed to consider the importance factor. "[W]e have generally upheld trial courts' imposition of sanctions excluding [evidence] because of the district court's need for broad leeway to manage its cases." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 792 (3d Cir. 1994).

First, the District Court concluded that Catamaran would be prejudiced if it needed to engage in discovery efforts nearly a decade after the deadlines had closed and to brief further summary judgment or *Daubert* motions, resulting in great cost and burden on the parties. Lakeview relies on cases that focused on the proximity of the trial date to argue that there would not be prejudice in this case, where there was no scheduled trial date. However, prejudice would still occur given the advanced stage of litigation—nine years after the expert report deadline had passed, almost five years after the District Court denied an extension of fact discovery deadlines, and after the parties had filed motions for summary judgment.

Second, Lakeview urges that any prejudice is cured because the Expert Report was served in *Mabe* and Optum deposed the expert and produced rebuttal reports. However, two years before the Expert Report was served, the District Court denied the motion to consolidate *Mabe* and *Lakeview* "[g]iven the divergent procedural postures and claims of the two actions." App. 1735. This denial should have clarified that the cases were *not* interrelated from a case management perspective. Lakeview then had no justification for untimely service of the Expert Report over four years after the deadline passed in *Lakeview*.[4] The Expert Report's caption does not suffice as notice that Lakeview intended to rely on the untimely report in *Lakeview*, where discovery had closed years prior. Accordingly, the rebuttal reports and deposition in *Mabe* do not cure the prejudice faced by Catamaran from the admission of the Expert Report in *Lakeview*. Although Lakeview attempts to distinguish several cases on which the District Court relied, here, the cases were not designated as related, the cases were in different procedural postures (as *Mabe* was filed five months following the close of expert discovery in *Lakeview*), the District Court had explicitly denied the request to consolidate, and the rebuttal reports and depositions were not taken in *Lakeview*. The District Court thus did not abuse its discretion in finding that admission of the Expert Report would prejudice Catamaran.

Third, the District Court found that the Expert Report's admission would be disruptive to the orderly disposition of the case. Lakeview argues that rebuttal reports and

---

[4] Lakeview's arguments that Catamaran's requests that no action be taken in *Lakeview* until the *Mabe* appeal was resolved does not transform the cases into consolidated cases for deadline purposes, nor does it pass the blame of the untimely report to Catamaran.

summary judgment briefs had already been prepared so no disruption would occur. But that is of no consequence. The rebuttal reports were for the *Mabe* litigation, and the District Court would be required to reset the deadlines for discovery at this late stage of litigation. *Cf. ZF Meritor*, 696 F.3d at 299 (no disruption to allow expert to submit alternate damages calculations where court and parties anticipated that the court would determine the liability issues before setting a damages trial).

Finally, Lakeview asserts that the District Court erred in finding that Lakeview willfully disregarded its discovery obligations. Again, Lakeview repeats its arguments that its delay was justified by the District Court's late resolution of discovery disputes.[5] And Lakeview points to the District Court's May 2021 order requesting a joint proposed scheduling order as indicative that the District Court was open to extending discovery deadlines and viewed the prior deadlines as obsolete. But nothing in that order indicates that the District Court contemplated opening the discovery schedule. Instead, the natural reading suggests the District Court requested a proposed scheduling order for the post-discovery "*future* case management." App. 411 (emphasis added). Moreover, the District Court never entered a new scheduling order, and Lakeview never moved to extend the

---

[5] In arguing that delays in discovery justifies delays in expert reports, Lakeview cites inapposite cases. *See 103 Investors I, L.P. v. Square D Co.*, 372 F.3d 1213, 1216 (10th Cir. 2004) (reversing exclusion because the order neglected to "grant a parallel extension" for rebuttal reports); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) (reversing exclusion because scheduling depositions pushed discovery to the deadline, making the delay in finishing expert reports "partially justified"); *OPS Fitel, LLC v. Epstein*, 549 F.3d 1344, 1363 (11th Cir. 2008) (reversing exclusion because the producing party repeatedly notified its adversary that delays in taking fact depositions would delay the report and "provide substantial justification" for the conduct).

expert report deadlines despite serving the Expert Report four years after the deadline. Nor was Catamaran to blame for not requesting the Rule 26 data earlier, as Rule 26 disclosures are self-executing. *See* Fed. R. Civ. P. 26(a)(2)(B)(ii) ("this disclosure *must* be accompanied by . . . the facts or data considered by the witness" (emphasis added)). Lakeview's failure to comply with the deadlines imposed by the District Court was willful, and thus it was not an abuse of discretion to exclude the Expert Report.

Given Lakeview's disregard of the District Court's scheduling order and its discovery obligations, the District Court did not abuse its discretion in excluding the Expert Report. Without the Expert Report, a key element of Lakeview's claims was missing, and Catamaran was entitled to have the case dismissed on summary judgment.

## III.

For these reasons, we will affirm the District Court's order excluding the report and granting summary judgment in favor of Catamaran.