**Loren McCARTY, Appellant,**

v.

**Kenneth HALL, Appellee.**

Court of Appeals of Kentucky.

Oct. 11, 1985.

John David Preston, Drawer C, Paintsville, for appellant.

Cordell Martin, Hindman, Vickie H. Collinsworth, Salyersville, for appellee.

Before HAYES, C.J., and GUDGEL and MILLER, JJ.

MILLER, Judge.

Kenneth Hall, appellee and plaintiff at trial, and one Steve Carty were involved in an automobile accident on January 2, 1981. Loren McCarty, appellant herein, was the owner of the truck driven by Carty. Hall filed suit in the Magoffin Circuit Court on August 28, 1981, alleging Carty's negligence was the proximate cause of the accident and requested $1,592.14 for repairs to his car, $65.00 for wrecker service, and $3,250.00 as damages for loss of use of his automobile. The repair and wrecker bills were the only evidence offered to support this claim for damages. Appellant objected to the introduction of the repair bill. The jury returned a verdict of $1,592.14 and

**956**

judgment was entered accordingly on July 10, 1984.

It is the law in this Commonwealth that the proper measure of damages for injury to personal property is the difference in the fair market value of the property before and after the accident. *See Ecklar-Moore Express v. Hood,* Ky., 256 S.W.2d 33 (1953); *Hayes Freight Lines v. Hamilton,* Ky., 257 S.W.2d 60 (1953); *Howard v. Adams,* Ky., 246 S.W.2d 1002 (1952). A repair bill can be offered as evidence to show the difference in fair market value. Appellant argues, however, that the difference in fair market value must be established by the expert testimony of one familiar with the property in question. He asserts that appellee failed to sustain his burden of proof when he offered the repair bill as the only evidence of the damages. Appellant concludes that the court erred when it failed to direct a verdict in his favor. We disagree. Evidence in the form of a repair bill standing alone and unassailed is not only probative evidence of the difference in fair market value of personal property, it is sufficient to sustain a verdict for damage to same.

For the foregoing reasons, the judgment of the Magoffin Circuit Court is affirmed.

All concur.