RENDERED: APRIL 23, 2009
TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

## 2007-SC-000221-DG

DATE 5|14|09 *Kelly Keaber* D.C.

WILLIAM MATTINGLY, ET AL                                          APPELLANTS

ON REVIEW FROM COURT OF APPEALS
V.                       CASE NO. 2006-CA-000337
HARDIN CIRCUIT COURT NO. 02-CI-00432

WILLIAM E. STINSON, ET AL                                          APPELLEES

AND

2007-SC-000222-DG

KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY                                          APPELLANT

ON REVIEW FROM COURT OF APPEALS
V.                       CASE NO. 2006-CA-000337
HARDIN CIRCUIT COURT NO. 02-CI-00432

WILLIAM E. STINSON, ET AL                                          APPELLEES

## OPINION OF THE COURT BY JUSTICE CUNNINGHAM

## <u>REVERSING</u>

In this appeal, we consider whether the rule set forth in <u>Earle v. Cobb</u>, requiring the identification at trial of a defendant underinsured motorist carrier, applies when there has been no <u>Coots</u> settlement between the carrier and the alleged tortfeasor.

William Stinson and William Mattingly were driving vehicles that collided at an intersection in Hardin County. Though both drivers were injured, Stinson suffered severe and permanent injuries, including brain damage. Mattingly filed suit against Stinson, and Stinson counterclaimed. Stinson also brought third-party complaints against Mattingly's employer and his own insurer, Kentucky Farm Bureau Mutual Insurance Company (KFB), pursuant to his underinsured motorist (UIM) coverage. Mattingly's suit against Stinson was settled.

The parties went to trial on Stinson's counterclaim. Prior to trial, Mattingly successfully moved the trial court to exclude any reference to UIM coverage. KFB also moved to prohibit its identification as a party. KFB argued that identification was not required because it was not participating at trial and because there had been no settlement between it and Mattingly pursuant to Coots v. Allstate Ins. Co., 853 S.W.2d 895 (Ky. 1993). The motion was granted.

The jury returned a verdict in favor of Mattingly, finding Stinson 100% liable for the accident. A judgment was entered in accordance with the verdict, dismissing Stinson's counterclaim and the third-party complaints. Stinson appealed the judgment, arguing that the trial court erred in prohibiting reference to UIM coverage. The Court of Appeals reversed and remanded for a new trial, finding that the prohibition violated the rule set forth in Earle v. Cobb, 156 S.W.3d 257 (Ky. 2004). This Court granted discretionary review.

In Earle v. Cobb, we considered "whether an underinsured motorist (UIM) carrier must be identified at trial when it chooses to preserve its subrogation rights by means of the procedure set forth in Coots v. Allstate Ins.

2

Co." 156 S.W.3d at 258. When an injured party intends to settle with a tortfeasor and the tortfeasor's liability insurance carrier, the Coots procedure allows the injured party's UIM carrier to preserve its subrogation rights against the tortfeasor by paying the injured party the policy amount. We held that the "UIM carrier should be so identified as a party [at trial] because it was named as a party by virtue of its contract and because it chose to retain its subrogation rights by substitution of its payment for that of the liability insurance carrier." Id.

The Earle decision attacks the "legal fiction" that occurred when the name of the tortfeasor was substituted for the UIM carrier for trial purposes. See Coots, id. Our decision rested on the recognition that when an UIM carrier substitutes its payment for that of the liability insurance carrier through the Coots procedure, that UIM carrier "becomes the only real party with potential liability to the plaintiff." 156 S.W.3d at 261. To conceal the insurer's identity, in light of the practical effect of a Coots settlement on the parties' interests, is to engage in a legal "charade" whereby the trial is presented to the jury as a claim against the alleged tortfeasor when, in reality, the plaintiff's only remaining claim is against the UIM carrier. Id.

In this case, Stinson argues that Earle required identification of KFB at trial, and that the trial court's prohibition re-created the "legal fiction" denounced therein. We disagree because, in this case, there has been no Coots settlement between KFB and Mattingly. Thus, we decline to extend the holding in Earle to situations where the UIM carrier has not utilized the Coots

3

settlement procedure and, therefore, has not substituted its liability for that of the defendant.

The Earle Court recognized that, when a UIM carrier has reached a Coots settlement, the tortfeasor is "released from *any* further liability to the injured party[.]" True v. Raines, 99 S.W.3d 439, 448 (Ky. 2003) (emphasis added). In such circumstances, to permit the UIM carrier "to either participate or sit idly by and allow the tortfeasor to defend at trial, [is to hide] the identity of a bona fide party." Earle, 156 S.W.3d at 261. When the UIM carrier has not reached a Coots settlement with the tortfeasor, the tortfeasor remains primarily liable to the plaintiff. The UIM carrier is only potentially liable, contingent upon a judgment in excess of the tortfeasor's own liability coverage. Because the tortfeasor remains a real party in interest, no legal fiction is created for the jury. The jury considers an actual case in tort between the injured party and the tortfeasor and decides liability and damages. Any liability of the UIM carrier to the tortfeasor or the injured party is ancillary to the jury's determinations in this regard, and then any such liability exists in contract.

Here, KFB did not participate at trial. It did not enter into a Coots settlement with Mattingly and, therefore, did not substitute its own liability for Mattingly's. At trial, Mattingly remained the principal party in Stinson's suit, primarily responsible for his injuries upon a finding of liability. The jury was not presented with a legal fiction and was not asked to decide a controversy between Mattingly and Stinson when the only real controversy existed between Stinson and KFB. Rather, it considered the "live" issue of Mattingly's tort liability to Stinson. In accordance with our courts' long-standing policy against

4

reference to liability insurance in tort actions, including UIM coverage, no mention was made of KFB. See Turpin v. Scrivner, 297 Ky. 365, 178 S.W.2d 971 (1944).

By its express language, Earle requires identification of an UIM carrier at trial when it has used the Coots procedure "because it was named as a party by virtue of its contract *and because* it chose to retain its subrogation rights by substitution of its payment for that of the liability insurance carrier." 156 S.W.3d at 258 (emphasis added). We decline to extend the holding in Earle to those trials where the UIM carrier has not availed itself of the Coots procedure to subrogate its rights.

Accordingly, the Hardin Circuit Court did not err in prohibiting mention of KFB at trial, and Mattingly's motion in this regard was properly granted. The opinion of the Court of Appeals is reversed and the judgment of the Hardin Circuit Court is hereby reinstated.

Minton, C.J.; Noble, Schroder, Venters, JJ., concur. Scott, J., concurs in result only. Abramson, J., not sitting.

**WILLIAM MATTINGLY ET AL V. WILLIAM E. STINSON ET AL; KENTUCKY FARM BUREAU MUTUAL INSURANCE CO. V. WILLIAM E. STINSON ET AL, 2007-SC-000221-DG; 2007-SC-000222-DG:**

SCOTT, J., CONCURS IN RESULT ONLY:   I concur with the majority's opinion in result only as Earle v. Cobb, 156 S.W.3d 257 (Ky. 2005) specifically cites two *separate* triggers for UM/UIM identification, (1) a "Coots" settlement, i.e., "when [the Insurance Co.,] invoked the 'Coots' procedure it should have been identified." Id. at 262, and (2) participation at trial, i.e., the jury should know "who are the parties to the litigation where the [UIM] carrier elects to participate actively in the trial." Id. at 260.  As Kentucky Farm Bureau did not enter into a "Coots settlements," or participate at trial, it was appropriate that it not be identified.  Had it done either one, however, Cobb commands that it be properly identified as one of the parties.

As the majority opinion seems to suggest that both are required for identification, my concurrence is in result only as Kentucky Farm Bureau did neither.

6

COUNSEL FOR APPELLANTS/APPELLEES,
WILLIAM MATTINGLY, TRADITIONAL MASONRY, INC.
AND TRADITIONAL MASONRY, LLC:

Wayne J. Carroll
Deborah Lynne Harrod
MacKenzie & Peden, P.S.C.
7508 New Lagrange Road, No. 3
Louisville, KY 40222


COUNSEL FOR APPELLANT/APPELLEE,
KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY:

Patrick A. Ross
Hensley, Ross & Howard
207 East Main Street
P. O. Box 350
Horse Cave, KY 42749


COUNSEL FOR APPELLEE,
WILLIAM E. STINSON:

Jason B. Bell
Kerrick, Stivers, Coyle & Van Zant, P.L.C.
2819 Ring Road, Suite 200
P. O. Box 844
Elizabethtown, KY 42702-0844


KENTUCKY DEFENSE COUNSEL:

William Baxter Orberson
Sara Clark Davis
Phillips, Parker, Orberson & Moore, P.L.C.
716 West Main Street
Suite 300
Louisville, KY 40202


KENTUCKY JUSTICE ASSOCIATION:

Michael Anthony Breen
Breen and Morgan
870 Fairview Avenue, Suite 5
P. O. Box 3310
Bowling Green, KY 42102-3310