Ashley N. EDWARDS, Appellant

v.

STATE FARM MUTUAL AUTOMO-
BILE INSURANCE COMPA-
NY, Appellee.

No. 2012–CA–000033–MR.

Court of Appeals of Kentucky.

Dec. 21, 2012.

Todd S. Page, Kimberly J. O'Donnell, Lexington, KY, for appellant.

Kenneth E. Dunn, Louisville, KY, for appellee.

Before COMBS, LAMBERT, and NICKELL, Judges.

## OPINION

LAMBERT, Judge:

Ashley N. Edwards (now Torres) appeals the judgment of the Jefferson Circuit Court awarding State Farm Mutual Insurance Company (State Farm) damages in the amount of $13,970.91 for damage to property arising out of an automobile accident on May 7, 2010. After careful review, we affirm the trial court's judgment.

There is no dispute between the parties as to the general circumstances of the accident that gives rise to this legal action. On May 7, 2010, at approximately 9:55 a.m., a motor vehicle collision occurred at the intersection of Outer Loop and New Cut Road in Louisville, Kentucky, between a 2010 Ford Focus being driven by Edna Hale, State Farm's insured, and a 1995 Dodge Intrepid being driven by Torres. There is also no dispute that Hale was driving her vehicle going straight on New Cut Road through the intersection with Outer Loop, and that Torres was traveling on New Cut Road, attempting to turn left onto Outer Loop across the path of Hale.

At the time of this accident, Hale was insured by State Farm, which provided physical damage coverage for the Ford Focus. As a result of the accident, State Farm paid a total of $13,970.91 in property damages pursuant to its policy of insurance with Hale, and Hale incurred a $50.00 deductible. This action was taken against Torres for recovery of those amounts, with State Farm alleging that Torres was negligent in the operation of her vehicle since her action was the sole cause of the accident. Torres alleged that she was not negligent, and/or that Hale was comparatively negligent in the operation of her vehicle. Torres did not allege any claims for damages in this action.

The trial court entered a trial scheduling order on August 2, 2011, and the matter was scheduled for a bench trial on November 14, 2011. The scheduling order required that any motions to dismiss or for summary judgment be filed at least sixty days before trial. The scheduling order also made it mandatory that any documentary evidence or exhibit of any kind **shall** be made available to the other party at least thirty days before trial. (Emphasis added).

Of particular importance to this appeal, Torres filed her First Amended Exhibit List mere minutes before the start of the trial, thereby attempting to disclose a Release in Full of All Claims (the Release), which was signed by Edna Hale on July 13, 2010, approximately fourteen months prior to trial. The trial court sustained State Farm's objection to the introduction of the Release, and Torres now claims on appeal that this ruling was improper.

Torres also takes issue with the trial court's determination of damages regarding Hale's Ford Focus. At trial, State Farm presented the testimony of State Farm claims representative, Dan Carrico. Mr. Carrico testified that because the car was so new at the time of the accident, with approximately 4,000 miles on it, there were no valid comparable sales to guide in

the valuation of the vehicle, resulting in a per mile deduction by State Farm from the original purchase price. Mr. Carrico testified that based upon his training, skill, and experience as a claims adjuster, and based upon dealing with hundreds of vehicles totaled as a result of accidents, the value of the 2010 Ford Focus as calculated and submitted into evidence resulted in the final property damage claim of $13,970.91. Torres presented no evidence-in-chief concerning the damages paid by State Farm.

At the conclusion of the bench trial, the trial court entered its judgment on December 7, 2011, in favor of State Farm against Torres in the amount of $13,970.91. Torres now contends on appeal that the judgment was entered in error. Torres claims that the trial court acted improperly in awarding State Farm the property damages claimed and in excluding the release signed by Hale, which Torres claims bars State Farm from recovering. We will address Torres's arguments in reverse order.

■ Torres claims that the trial court improperly excluded the release signed by Hale, which she claims releases Torres from "any and all property damage" resulting from the accident. We agree with State Farm that the trial court properly excluded the release.

■ First, we note that Torres did not claim release as an affirmative defense in her answer to the complaint, as is required by Kentucky Rules of Civil Procedure (CR) 8.03. Second, Torres failed to comply with the trial court's order requiring her to produce the release and make it available for inspection by State Farm thirty days prior to trial. As a result, the trial court properly excluded the release under CR 37.02. In her brief to this Court, Torres completely ignores the fact that the trial court excluded the release from evidence because she did not comply with the trial court's scheduling order.

She provides no reason for the delay in producing the release, which was signed some fourteen months prior. Instead, Torres simply argues that it was error for the trial court to exclude the release. We are not persuaded by such an argument. It is well-settled law in Kentucky that the failure to comply with a trial order with mandatory disclosure of witnesses and exhibits can result in the exclusion of the witnesses or exhibits not disclosed. Such exclusion is not an abuse of discretion, as noted by this Court in *Rossi v. CSX Transp., Inc.*, 357 S.W.3d 510, 518 (Ky. App.2010):

> Rossi had sufficient opportunity to name Cloud as a witness but failed to do so. As we stated earlier, an appropriate consequence for failure to comply with pre-trial orders is the exclusion of otherwise admissible evidence. *See Hamilton v. CSX Transportation, Inc.* [208 S.W.3d 272 (Ky.App.2006)] The same penalty has been sanctioned in relation to a party's failure to name a witness prior to trial. *Clark v. Johnston*, 492 S.W.2d 447, 450 (Ky.1973). We cannot say the trial court abused its discretion in excluding Cloud from testifying based on Rossi's failure to comply with the purpose and spirit of the civil rules. There was no error.

In the instant case, the trial court did not abuse its discretion in excluding the release, which was signed many months earlier, and for which Torres provides no explanation whatsoever as to why she did not come forth with the release prior to the day of trial.

Torres also argues that the trial court erred in awarding damages to State Farm because State Farm did not prove that the damages paid to Hale were based upon the fair market value of the vehicle. It is well-established law in Kentucky that when we review on appeal a trial court's factual

finding, we cannot set aside the finding unless it is clearly erroneous. *Cole v. Gilvin,* 59 S.W.3d 468, 472–473 (Ky.App.2001) ("Since this case was tried before the court without a jury, its factual findings 'shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.'") (Internal citation omitted).

 Torres also argues that State Farm did not provide sufficient proof to support the trial court's award of damages and failed to provide proof of the diminution in fair market value of the vehicle. "It is the law in this Commonwealth that the proper measure of damages for injury to personal property is the difference in the fair market value of the property before and after the accident." *McCarty v. Hall,* 697 S.W.2d 955, 956 (Ky.App.1985) (citations omitted). Torres argues that claims adjuster Carrico's testimony was insufficient to establish fair market value of the vehicle. Torres takes particular issue with Mr. Carrico's answer to the following question asked by State Farm at trial:

Q: What is the procedure just in general when State Farm has a claim presented and then as it relates specifically to this situation?

A: What we do initially is write an estimate on the vehicle. In the state of Kentucky, if the estimate is more than 75% of the value of the vehicle, then the vehicle is deemed a total loss. And in this case we wrote an estimate, I believe, a little over thirteen thousand dollars, and that's an open estimate, which means once they get into it there's no telling what they're going to find once they take the car apart. At that point, we looked into the value of the vehicle. Normally, we would just pay, look up the NADA [National Automobile Dealers Association] value, but the vehicle was only like three months old, it's not even in the book yet. So at that point, we looked at comparable vehicles for sale that are only three months old, that pretty much doesn't exist. Nobody's buying a car and reselling it. So what we finally agreed on to do was she had like 3,900 miles and we looked at what she gave for the car and then we did 3,900 miles at ten cents a mile, deducted that from what she paid for the car, paid her that plus six percent sales tax, plus we always add thirteen dollars for a license fee and then minus fifty dollars for the deductible is how we came up with the figure of the value of the vehicle.

While Torres takes issue with Mr. Carrico's description of the fair market value of the Ford Focus, she offered no evidence at trial as to her opinion on the fair market value of the car, via testimony of an expert or through any documentary evidence in the form of NADA values or repair estimates. Further, she did not object to Mr. Carrico's testimony at trial. Thus, while State Farm does not make this argument in its brief, it could be argued that Torres did not preserve her argument that Mr. Carrico's testimony was not sufficient to establish fair market value for review by this Court.

 Nonetheless, we agree with State Farm that in the instant case, because NADA information was not available due to the newness of the car, combined with the fact that the economy is such that people are not buying and immediately reselling cars, the testimony of Mr. Carrico as to how they valued the car and the amount of damages paid by State Farm was adequate to determine fair market value of the car. The finding was supported by substantial evidence and was not

clearly erroneous. We will not disturb it on appeal.

Discerning no reversible error, we affirm the findings of fact and conclusions of law entered by the Jefferson Circuit Court on December 7, 2011.

ALL CONCUR.