RENDERED: JULY 2, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1756-MR

JOE A. BROWDER, JR.                                        APPELLANT


APPEAL FROM DAVIESS CIRCUIT COURT
v.        HONORABLE JOSEPH W. CASTLEN, III, JUDGE
ACTION NO. 16-CI-01129


TRACEY SMITH; JOHN M. SMITH;
KY. FARM BUREAU INS. CO.; AND
USAA GENERAL INDEMNITY CO.                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND TAYLOR, JUDGES.

GOODWINE, JUDGE: Joe A. Browder ("Browder") appeals *pro se* the Daviess

Circuit Court's trial order and judgment dismissing with prejudice his claims

against Tracey Smith ("Tracey"), John Smith ("John"), and USAA General

Indemnity Company ("USAA"). After careful review, finding no error, we affirm.

On March 27, 2015, Browder was sitting in his car at a red light on Frederica Street in Owensboro when he was rear ended by a car driven by John. John was a minor at the time of the accident. Tracey, John's mother, was a passenger and the owner of the car driven by John.

On November 23, 2016, Browder brought claims for negligence against John and Tracey. Browder's complaint also named Browder's insurer, USAA, to recover for underinsured motorist benefits and Tracey and John's insurer, Kentucky Farm Bureau Insurance Company.[1] Browder alleged he sustained $200,000 or more in compensatory damages, $200,000 or more in punitive damages, past and future medical expenses, property damages, and legal expenses because of the accident.

During the pendency of this case, Browder was represented by at least four different attorneys and was granted numerous continuances. Browder's final attorney first appeared at a hearing on February 2, 2019. During that hearing, a trial was set for October 7, 2019. At a hearing on October 2, 2019, five days before the trial was set to begin, the court noted that although counsel made his best efforts to prosecute Browder's case, Browder had failed to submit his medical bills at any point during the three years the case had been pending. The circuit court orally ruled that due to Browder's failure to comply with court orders for

---

[1] Kentucky Farm Bureau was dismissed as a party by order entered January 10, 2017.

nearly three years, "medical bills will not be allowed to be introduced or testimony regarding them" would not be permitted during trial. Video Record, 10/02/19 at 11:26:55-11:27:06. At the end of the hearing, the circuit court advised counsel to inform Browder that if he wanted counsel to withdraw or Browder fired counsel, he would be required to appear at trial with or without counsel.

On October 6, 2019, Browder's final attorney filed a motion to withdraw as counsel because Browder had not communicated with him since July 2019, and Browder had filed a *pro se* petition for writ of mandamus with the Court of Appeals.[2] On October 7, 2019, the day of trial, Browder's counsel failed to appear. He was ultimately sanctioned for failing to attend trial but was permitted to withdraw as counsel on October 15, 2019.

The circuit court held a telephonic hearing on October 14, 2019 regarding rescheduling the trial. However, that hearing was not made part of the video record. On October 15, 2019, the circuit court entered a *sua sponte* order rescheduling the trial for November 12, 2019. The circuit court noted Browder's objection to setting a trial date. Browder argued the trial should be continued until the resolution of former counsel's contempt hearing and the Court of Appeals ruled on his petition for writ of mandamus. Despite Browder's objection, the circuit

---

[2] This Court denied Browder's motion for intermediate relief under Kentucky Rules of Civil Procedure ("CR") 76.36(4) and to proceed *in forma pauperis* by order entered October 4, 2019 and denied Browder's petition for writ of mandamus on March 11, 2020.

court denied his request to continue the trial. The circuit court noted Browder was the cause of delays and trial continuances, and the court repeatedly warned Browder that he would be required to prosecute the case *pro se* unless he was able to hire another attorney. As such, the circuit court set the trial for November 12, 2019.

On November 7, 2019, the circuit court entered an order denying Browder's motion to schedule a jury trial against USAA.

The case ultimately proceeded to trial against John and Tracey on November 12, 2019. The parties presented the following evidence:

> [Browder] presented his case in chief which consisted of the testimony of John Smith and Tracey Smith. [Browder] also read into the record a portion of the deposition of his treating chiropractor, Dr. Trace Kelly. [Browder] did not testify. Both parties submitted into the records photographs of the vehicles operated by Plaintiff Joe Browder and Defendant John Smith on the date of the accident which is the basis of this litigation. No other exhibits were tendered to the Court and no other testimony was introduced into the record by way of avowal.

Record ("R.") at 593.

Following Browder's case-in-chief, John and Tracey "moved for a directed verdict as to the issue of [Tracey's] liability" and all of Browder's damages claims. *Id.* Counsel stipulated to John's liability during his opening statement.

-4-

The circuit court granted the motion for a directed verdict in full. The court found Browder failed to produce any evidence of damages for all types of damages he sought, including: past medical expenses, lost wages and earning impairment, property damage, punitive damages, and pain and suffering. As to Tracey's liability, the circuit court found Browder "did not establish the elements of negligent entrustment so as to establish a basis of liability against Tracey." R. at 595. Furthermore, the court found Browder failed to establish Tracey's liability under KRS[3] 186.590(1) as Tracey "had procured the appropriate insurance and thus that statutory section has no applicability to this case." *Id.*

Based on this analysis, the circuit court granted a directed verdict in favor of John and Tracey, and no issues were submitted to the jury for consideration. Accordingly, the circuit court dismissed with prejudice all claims against John, Tracey, and USAA. This appeal followed.

On appeal, Browder, proceeding *pro se*, raises wholly unsupported arguments that are likely unpreserved. Browder argued he was not provided access to the record, yet acknowledged in his brief that he had copies of the paper record, and his appendix contains written portions of the record. Browder also stated in his brief that he declined to pay for copies of the video record. Despite having a copy of the paper record, Browder failed to cite any portions of the record in

---

[3] Kentucky Revised Statutes.

support of his arguments.  Browder also failed to cite any relevant law in support of these arguments.  Thus, we must address the deficiencies in Browder's brief under CR 76.12.

"There are rules and guidelines for filing appellate briefs.  Appellants must follow these rules and guidelines, or risk their brief being stricken, and appeal dismissed, by the appellate court."  *Koester v. Koester*, 569 S.W.3d 412, 413 (Ky. App. 2019) (citing CR 76.12).  Although Browder filed his brief *pro se*, "we have every reason to expect the briefs filed by *pro se* appellate advocates to demonstrate a good faith attempt to comport with CR 76.12, our rule for preparing briefs." *Hallis v. Hallis*, 328 S.W.3d 694, 698 (Ky. App. 2010) (citing *Louisville and Jefferson County Metropolitan Sewer Dist. v. Bischoff*, 248 S.W.3d 533, 537 (Ky. 2007)).

Browder's brief fails to provide "ample supportive references to the record and citations of authority pertinent to each issue of law" and does not "contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner" as required by CR 76.12(4)(c)(v).  "It is not the function or responsibility of this court to scour the record on appeal to ensure that an issue has been preserved."  *Koester*, 569 S.W.3d at 415 (citing *Phelps v. Louisville Water Co.*, 103 S.W.3d 46 (Ky. 2003)).

Our procedural rules "are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination." *Bischoff*, 248 S.W.3d at 536 (quoting *Brown v. Commonwealth*, 551 S.W.2d 557, 559 (Ky. 1977)). Therefore, an appellant's compliance with CR 76.12 allows us to undergo "meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal[,] [such as] what facts are important and where they can be found in the record[.]" *Hallis*, 328 S.W.3d at 696.

Browder's failure to comply with CR 76.12 hinders our ability to review his arguments. *See Hallis*, 328 S.W.3d at 695-97. "Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Id.* at 696 (citation omitted). Browder failed to cite any relevant case law, make any legal argument, or cite to the record. Thus, at the request of all Appellees, we review for manifest injustice only. "Manifest injustice is '[a] direct, obvious, and observable error[.]'" *Trading Post Management Co., LLC v. Kentucky Unemployment Ins. Comm'n*, 355 S.W.3d 451, 454 (Ky. App. 2011) (quoting BLACK'S LAW DICTIONARY (9th ed. 2009)).

On appeal, Browder argues the circuit court erred in failing to find in his favor and award him damages. Although Browder "is obviously dissatisfied

with the trial court's decision, threadbare recitals of the elements of a legal theory, supported by mere conclusory statements, form an insufficient basis upon which this Court can grant relief." *Jones v. Livesay*, 551 S.W.3d 47, 52 (Ky. App. 2018). Apart from reciting one case that is inapplicable in this instance, Browder advances nothing of substance in support of his contention. We will not scour the record to construct Browder's argument for him.

Furthermore, although the circuit court's trial order and judgment cites no case law, the court correctly applied relevant case law regarding directed verdicts, damages, Tracey's liability, and whether USAA should have been required to participate at trial. A directed verdict is proper when "there is a complete absence of proof on a material issue, or if no disputed issue of fact exists upon which reasonable minds could differ." *Combs v. Stortz*, 276 S.W.3d 282, 290 (Ky. App. 2009) (citing *Hilsmeier v. Chapman*, 192 S.W.3d 340, 345 (Ky. 2006)). In ruling on a motion for a directed verdict, the trial court must "favor the party against whom the motion was made with all inferences which may reasonably be drawn from the evidence." *Id.*

John stipulated to his liability during counsel's opening statement. Thus, the only matters addressed at trial were Browder's damages and Tracey's liability. The circuit court determined Browder failed to introduce evidence of any

damages, including past medical expenses, lost wages and earning impairment,

property damage, punitive damages, and pain and suffering.

First, the circuit court correctly granted a directed verdict against

Browder on his claim for past medical expenses. KRS 304.39-060(2)(b) sets forth

the requirements for recovering medical expenses in a motor vehicle tort claim:

> In any action of tort brought against the owner, registrant, operator or occupant of a motor vehicle with respect to which security has been provided as required in this subtitle, or against any person or organization legally responsible for his or her acts or omissions, a plaintiff may recover damages in tort for pain, suffering, mental anguish and inconvenience because of bodily injury, sickness or disease arising out of the ownership, maintenance, operation or use of such motor vehicle only in the event that the benefits which are payable for such injury as "medical expense" or which would be payable but for any exclusion or deductible authorized by this subtitle exceed one thousand dollars ($1,000), or the injury or disease consists in whole or in part of permanent disfigurement, a fracture to a bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of bodily function or death. Any person who is entitled to receive free medical and surgical benefits shall be deemed in compliance with the requirements of this subsection upon a showing that the medical treatment received has an equivalent value of at least one thousand dollars ($1,000).

Under this statute, "an injured party is entitled to proceed under two

theories: monetary damages for reasonably necessary medical expenses exceeding

$1,000 and specifically enumerated physical or permanent injuries, loss, or death."

*Combs*, 276 S.W.3d at 289. The legislature defined "medical expense" as follows:

> "Medical expense" means reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care, physical rehabilitation, rehabilitative occupational training, licensed ambulance services, and other remedial treatment and care. "Medical expense" may include non-medical remedial treatment rendered in accordance with a recognized religious method of healing. The term includes a total charge not in excess of one thousand dollars ($1,000) per person for expenses in any way related to funeral, cremation, and burial. It does not include that portion of a charge for a room in a hospital, clinic, convalescent or nursing home, or any other institution engaged in providing nursing care and related services, in excess of a reasonable and customary charge for semi-private accommodations, unless intensive care is medically required. Medical expense shall include all healing arts professions licensed by the Commonwealth of Kentucky. There shall be a presumption that any medical bill submitted is reasonable.

KRS 304.39-020(5)(a).

In order to recover damages for "medical expenses," a plaintiff must introduce medical bills at trial. *See Buckler v. Mathis*, 353 S.W.3d 625, 630 (Ky. App. 2011). Then, "the burden is on the defendant to go forward with proof to impeach the bill." *Id.*

Here, the circuit court did not permit Browder to introduce his medical bills into evidence at trial because he failed to provide them in discovery at any time during the three years this case was pending. As there was no factual

-10-

basis to submit the issue of medical expenses to the jury, the circuit court correctly granted a directed verdict as to the issue of medical expenses.

Second, the circuit court correctly granted a directed verdict against Browder as to his alleged lost wages and earning impairment. KRS 304.39-020(5)(b) defines "work loss" as "loss of income from work the injured person would probably have performed if he had not been injured, and expenses reasonably incurred by him in obtaining services in lieu of those he would have performed for income, reduced by any income from substitute work actually performed by him." To recover benefits for work loss, a plaintiff must provide "reasonable proof of the fact and amount of loss realized" under KRS 304.39-210(1). *Kentucky Farm Bureau Mut. Ins. Co. v. Troxell*, 959 S.W.2d 82, 84 (Ky. 1997).

Here, Browder failed to provide an itemization for lost wages or earning impairment in his written discovery responses. In his deposition, Browder testified he was not making a claim for lost wages or earning impairment. Furthermore, Browder did not testify or submit any evidence regarding these items of damages at trial. Thus, the circuit court correctly concluded there was an absence of proof and granted a directed verdict as to lost wages or earning impairment.

Third, the circuit court correctly granted a directed verdict as to property damage. "[T]he proper measure of damages for injury to personal property is the difference in the fair market value of the property before and after the accident." *McCarty v. Hall*, 697 S.W.2d 955, 956 (Ky. App. 1985) (citations omitted). To prove a claim for property damage, "[e]vidence in the form of a repair bill standing alone and unassailed is not only probative evidence of the difference in fair market value of personal property, it is sufficient to sustain a verdict for damage to same." *Id.*

Here, the circuit court found Browder introduced no evidence at trial to establish the difference in fair market value before and after the accident. Additionally, Browder failed to introduce any testimony or documents regarding the actual cost to repair his vehicle. Thus, as there was an absence of proof of property damage, the circuit court correctly granted a directed verdict on this issue.

Fourth, the circuit court correctly granted a directed verdict as to punitive damages. "[T]he well established common law standard for awarding punitive damages was [and is] gross negligence." *Kinney v. Butcher*, 131 S.W.3d 357, 358-59 (Ky. App. 2004) (quoting *Williams v. Wilson*, 972 S.W.2d 260, 264 (Ky. 1998)). The prevailing definition of "gross negligence" is "wanton or reckless disregard for the safety of other persons." *Id.* at 359 (quoting *Phelps*, 103 S.W.3d at 52). Proof of express malice is not required; "rather, it is possible that a

certain course of conduct can be so outrageous that malice can be implied from the facts of the situation." *Id.* (citing *Phelps*, 103 S.W.3d at 52).

Here, the circuit court found Browder introduced no testimony or exhibits establishing gross negligence as to John's conduct. Instead, the court determined Browder merely established ordinary negligence on John's part. Additionally, Browder failed to include a claim for punitive damages in his discovery responses or in his itemization of damages. Thus, in the absence of any proof, the circuit court correctly granted a directed verdict on the issue of punitive damages.

Fifth, the circuit court correctly granted a directed verdict as to pain and suffering. Generally, "no rule can be laid down by which damages for pain and suffering in a personal injury case may be accurately measured." *Stanley v. Caldwell*, 274 S.W.2d 383, 385 (Ky. 1954). However, a plaintiff must submit evidence to support an award of pain and suffering. *Spalding v. Shinkle*, 774 S.W.2d 465, 467 (Ky. App. 1989) (quoting *American States Ins. v. Audubon Country Club*, 650 S.W.2d 252, 254 (Ky. 1983)). A claim for pain and suffering can be submitted to the jury based on the plaintiff's own "testimony and proof." *Id.* (citing *Williams v. Kirtley*, 263 S.W.2d 119 (Ky. 1953)).

Here, Browder did not testify on his own behalf during the trial. The circuit court found he provided "no testimony as to any pain and suffering," no

testimony "as to any medical expenses, nor did he introduce into evidence the amount of his admissible medical bills nor any documents regarding the nature of any treatment he claimed as a result of the accident in this case." R. at 595. Thus, in the absence of any proof, the circuit court properly granted a directed verdict on the issue of pain and suffering.

Next, the circuit court correctly granted a directed verdict on the issue of Tracey's liability. Even if Browder had presented evidence proving Tracey's liability, he failed to submit any proof of damages. Without proof of damages, Browder can recover nothing from Tracey, and her liability is a moot issue.

Finally, Browder's citation to *Coots v. Allstate Insurance Company*, 853 S.W.2d 895 (Ky. 1993), is misplaced. In addition to appealing the trial order and judgment, Browder appeals the circuit court's November 7, 2019 order denying Browder's *pro se* motion to schedule a jury trial against USAA. *Coots* governs whether a underinsured motorist [UIM] carrier must participate at trial:

> [W]hen a UIM carrier has reached a *Coots* settlement, the tortfeasor is "released from *any* further liability to the injured party[.]" *True v. Raines*, 99 S.W.3d 439, 448 (Ky. 2003) (emphasis added). In such circumstances, to permit the UIM carrier "to either participate or sit idly by and allow the tortfeasor to defend at trial, [is to hide] the identity of a bona fide party." *Earle* [*v. Cobb*, 156 S.W.3d 257, 261 (Ky. 2004)]. When the UIM carrier has not reached a *Coots* settlement with the tortfeasor, the tortfeasor remains primarily liable to the plaintiff. The UIM carrier is only potentially liable, contingent upon a judgment in excess of the tortfeasor's own liability

-14-

> coverage. Because the tortfeasor remains a real party in interest, no legal fiction is created for the jury. The jury considers an actual case in tort between the injured party and the tortfeasor and decides liability and damages. Any liability of the UIM carrier to the tortfeasor or the injured party is ancillary to the jury's determinations in this regard, and then any such liability exists in contract.

*Mattingly v. Stinson*, 281 S.W.3d 796, 798 (Ky. 2009).

Here, Browder did not reach a settlement with USAA, so the tortfeasors, John and Tracey, remained primarily liable to Browder. USAA elected not to participate at trial because, under *Coots*, its liability was contingent on a judgment in excess of John and Tracey's liability coverage. Above, we held the circuit court correctly granted a directed verdict in John and Tracey's favor due to Browder's failure to submit any proof of damages resulting from his claims against John and Tracey. Because no judgment or award of damages was entered against John or Tracey, it was impossible for the circuit court to enter an award of damages in excess of the available liability coverage against USAA. Therefore, the circuit court did not err in denying Browder's motion to schedule a jury trial against USAA. As such, we conclude Browder did not suffer manifest injustice when the circuit court: (1) denied his motion to schedule a jury trial against USAA and (2) granted a directed verdict in John's and Tracey's favor and dismissed the complaint with prejudice.

-15-

For the foregoing reasons, we affirm the trial order and judgment of the Daviess Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Joe A. Browder, Jr., *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEES,
TRACEY SMITH AND JOHN
SMITH:

Michael T. Lee
Owensboro, Kentucky

BRIEF FOR APPELLEE,
USAA GENERAL INDEMNITY
COMPANY:

Brandon T. Lally
Elizabethtown, Kentucky